Mackey v. The Commonwealth.

CASE 64—INDICTMENT—SEPTEMBER 7, 1882.

# Mackey v. The Commonwealth.

APPEAL FROM LOGAN CIRCUIT COURT.

1. After a criminal cause is submitted for argument or hearing on the merits, all preliminary questions involving irregularities which do not reach the substance of the controversy, or affect the jurisdiction of the court, will be treated as waived.

2. The motion to dismiss the appeal because the record was not filed within sixty days is overruled.

Mackey v. The Commonwealth.

3. Although the affidavit for a continuance shows that subpœnas were taken out in proper time, it does not show that they were ever delivered to any person authorized to execute them.

4. The proof shows that appellant was either guilty of murder or innocent of any offense.

5. The instructions given are applicable to that state of case, and are correctly given.

W. W. LYLES FOR APPELLANT.

Referred to Sparks v. The Commonwealth, 3 Bush, 116; Rutherford v. Same, 13 *Ib.*, 608; Farris v. Same, 14 *Ib.*, 362; 3 Greenleaf on Evidence, 112.

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLEE.

Moved to dismiss the appeal upon the ground that the record was not filed in this court within sixty days after appeal was granted.

CHIEF JUSTICE HARGIS DELIVERED THE OPINION OF THE COURT.

Upon the calling of this cause, the parties announced themselves ready for trial, and the argument was begun and finished on the part of the counsel for appellant, when the Attorney General discovered that the transcript of the record had not been filed within sixty days after the judgment, and thereupon moved, on that ground, to dismiss the appeal, insisting that this court has no jurisdiction of the cause.

It is true the court, in the case of Commonwealth v. Adams, 16 B. Mon., 339, construing section 343 of the Criminal Code of 1854, which is identical in substance with section 348 of the present Criminal Code, held that the Court of Appeals had no jurisdiction, because the transcript of the record had not been filed within sixty days.

But that section applies alone to misdemeanors, and is in this language:

"The appeal must be prayed during the term at which the judgment is rendered, and shall be granted upon *the condition that the record be lodged* in the clerk's office of the Court of Appeals *within sixty days* after the judgment."

And section 336, Criminal Code, which prescribes the manner appeals are taken by the defendant in felony cases, provides that "the appeal shall be granted as a matter of right," and that after the expiration of the sixty days within which the defendant is required to lodge the transcript of the record in the clerk's office of the Court of Appeals, "a copy of an order of the Court of Appeals granting further time to lodge the transcript" will authorize the suspension of the execution of the judgment; and that "the appeal is taken by lodging in the clerk's office of the Court of Appeals, within sixty days after the judgment, a certified transcript of the record."

These extracts from that section show that this court, in felony cases, may extend the time of filing the transcript beyond sixty days, and that the appeal shall be granted without conditions and as a matter of right.

There is a plain distinction between appeals in felony cases and appeals in misdemeanor cases.

In the latter class the appeal cannot be *granted* except on *condition* that the record shall be filed within sixty days. In the former, not only are there no conditions annexed to the granting of the appeal, but it is expressly declared that the appeal shall be *granted* as a matter of right, and the power to extend the time of filing the transcript is clearly conferred. upon this court. Hence we do not regard the question presented on the motion under consideration as involving the jurisdiction of this court.

It is purely a question of practice, and we are constrained to hold, that after the cause is submitted for argument or hearing on the merits, that all preliminary questions involving irregularities, and which do not reach the substance of the controversy or affect the jurisdiction of the court, should

be treated as waived. The motion to dismiss is therefore overruled.

The appellant was indicted, tried, convicted, and sentenced to the penitentiary for life for the crime of murder, and he prosecutes this appeal, seeking a reversal upon two grounds:

*First.* Because the court failed to continue the case at the term the trial was had. •

The affidavit for a continuance, although it showed that subpœnas were *issued* for the absent witnesses, yet the appellant failed to state that they had been delivered to an officer or person authorized to execute them, and for all that appears in his affidavit or the record, he may have suppressed the subpœnas or failed to do more than procure their issuance, which does not constitute legal diligence. His application for a continuance at the second term after he was indicted was therefore properly overruled.

*Second.* Because the court failed properly to instruct the jury. This ground is also untenable.

The record shows that the deceased was slain in the presence of a number of his friends, with whom he was sitting in quiet conversation in front of a store, in the town of Adairville, about eight o'clock in the evening, and that the perpetrator of the crime shot from a pavement some thirty yards away, it being too dark for any of the persons present to identify the assassin. Hence, the crime was murder, and the appellant either innocent or guilty of that offense.

There was no evidence in the case tending to show either heat of passion, self-defense, or involuntary manslaughter, and it was not proper for the court to instruct the jury on those branches of law, as there is not a single fact or inference to be drawn from any or all of the facts combined in

the case that would render such instructions applicable.    It is true this court has held that it is the trial court's duty, whether asked to do so or not, to fully instruct the jury in all of the law of the case.    Yet it never has been decided that a routine of instructions, regardless of their applicability to the facts of the case, should be given.    And such a practice obstructs justice, and tends to the confusion rather than the enlightened guidance of the jury in their search for the truth.

The court below correctly instructed the jury on the subject of murder, and gave the appellant favorable instructions on circumstantial evidence and the reasonable doubt, and we are clearly satisfied that the instructions, as given, embraced the true issue in the case, and left the jury unincumbered by irrelevant law to find whether the appellant, in the night time, under the cover of darkness, shot and killed his neighbor and rival for the office of town marshal, who was at the time sitting in the light quietly talking with his friends.

The jury found the appellant guilty, and the sentence pronounced by the court on their verdict must be affirmed.