Medcalf v. Commonwealth.

CASE 66—MOTION—NOVEMBER 27.

## Medcalf v. Commonwealth.

84    485
f102    98

APPEAL FROM HARDIN CIRCUIT COURT.

WHERE THE TRANSCRIPT IN A FELONY CASE IS NOT FILED WITHIN SIXTY DAYS AFTER JUDGMENT, and no order made within that period extending the time for filing, the Court of Appeals is without jurisdiction to try the appeal. The irregularity is not, therefore, one that may be waived by the failure of the appellee to take advantage of it before the submission for argument or hearing on the merits; nor has the Court of Appeals the power, after the expiration of the time provided by law for filing the transcript, to make an order extending the time.

The case of Mackey v. Commonwealth, 80 Ky., 345, in so far as it is in conflict with this, is overruled.

H. T. WILSON FOR APPELLANT.

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLEE.

Briefs not in record.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

May 13, 1886, Wm. Medcalf was, under an indictment for a felony, found guilty, and judgment rendered

against him. And October 23 he made a motion in this court to have a transcript of the record of the case then filed, and his appeal docketed and set for trial.

The jurisdiction of the Court of Appeals, in prosecutions for felonies, exists alone in virtue of article 1, chapter 1, title 10, Criminal Code, and, in the language of section 334, it exists subject to the restrictions contained in that article.

Section 336 is as follows: "An appeal may be taken by the defendant in the following manner *only:*

"1. The appeal must be prayed during the term at which the judgment is rendered, and the prayer noted on the record in the circuit court. The appeal shall be granted as a matter of right.

"2. When an appeal is prayed the court shall, if the defendant desire it, make an order that the execution of the judgment be suspended until the expiration of the period within which the defendant is required to lodge a transcript of the record in the clerk's office of the Court of Appeals. After the expiration of such period the judgment shall be executed, unless the defendant shall have filed, in the clerk's office of the court rendering the judgment, the certificate, as provided in subsection 3 of this section, that the appeal has been taken, or a copy of an order of the Court of Appeals granting further time to lodge the transcript.

"3. The appeal is taken by lodging in the clerk's office of the Court of Appeals, within sixty days after the judgment, a certified transcript of the record. The clerk of the Court of Appeals shall thereupon issue a certificate that an appeal has been taken, which shall

suspend the execution of the judgment until the decision upon the appeal.

"4. If time be given beyond the term at which the judgment is rendered to present a bill of exceptions, the transcript of the record may be filed in the clerk's office of the Court of Appeals within sixty days after the bill of exceptions is made part of the record."

As said in the case of Stratton v. Commonwealth, *ante*, p. 190, "it seems clear to us that in order to give to the Court of Appeals jurisdiction in a felony case, a certified transcript of the record must be filed in the clerk's office within sixty days after the judgment, or, in a state of case provided for in subsection 4, within sixty days after the bill of exceptions is made part of the record, unless an order be made by the Court of Appeals granting further time to lodge the transcript."

But no time was asked by the defendant in this case, or given by the court trying it, to present a bill of exceptions, but it was filed and made part of the record at the same time the judgment was rendered, consequently more than sixty days before the motion we are now considering was made. Nor was an order made by this court, or applied for by the defendant, within sixty days after the judgment, or after the bill of exceptions was made part of the record, granting further time to lodge the transcript.

As the appellate jurisdiction of the Court of Appeals in prosecutions for felonies is made subject to the restrictions contained in the article of the Code mentioned, and section 336 provides explicitly that an appeal may be taken by the defendant in the manner therein indicated, and in no other, we are utterly with-

out jurisdiction to try any such case that has not been brought before us in substantial compliance with the terms of the law.   Nor have we now authority to grant further time within which the transcript of the record in this case may be filed ; for the language of the Code is, that after the expiration of the period within which the defendant is required to lodge a transcript of the record in the clerk's office of the Court of Appeals, the *judgment shall be executed*, unless the defendant *shall have* filed, in the clerk's office of the court rendering the judgment, the certificate of the clerk of the Court of Appeals that an appeal has been taken, or a copy of *an order of the Court of Appeals granting further time to lodge the transcript*.   No other interpretation can be given to this language than than the order granting further time to lodge the transcript must be applied for and made before the expiration of the period within which it is required to be lodged.

Certainly no authority is given to this court to make the order after the expiration of that period, nor to entertain an appeal until the transcript of the record is, as required by the Code, lodged in the clerk's office of the Court of Appeals.

It was held in the case of Mackey v. Commonwealth, decided September 7, 1882, that the failure to file the record in the clerk's office of the Court of Appeals in a felony case within sixty days after judgment, does not affect the jurisdiction of the court to hear the appeal, and unless taken advantage of before the cause is submitted for argument or hearing on the merits, the irregularity is to be treated as waived.   But this decision was made under a misapprehension of the proper mean-

ing and application of the provision contained in subsection 1, section 336, that "the appeal shall be granted as a matter of right." By reference to section 329 of the preceding Criminal Code, it will be seen that to take an appeal in a felony case, it was not only necessary to lodge the transcript of the record in the clerk's office of the Court of Appeals, but it was also required that there should be a certificate of the allowance of the appeal indorsed on the transcript under the signature of one of the judges of the Court of Appeals; and by section 330 it was provided that in case the judge applied to refuse an appeal, it could not be taken. But that condition has been omitted from the present Code, and instead the provision is made that the appeal in case of felony shall be granted as a matter of right, and not be longer dependent upon the action of a single judge of the Court of Appeals; and now the right of appeal in felony cases is dependent simply upon the conditions and restrictions provided in article 1, which in no substantial manner differs from the provisions of either the former or present Code in regard to appeals in cases of misdemeanors.

If this court may take jurisdiction of felony cases after the expiration of the period mentioned in section 336, it follows that, contrary to the obvious policy and reason of the law regulating criminal prosecutions, as well as the meaning of the language used, the jurisdiction of the Court of Appeals is not subject to the restrictions contained in the Criminal Code, but is regulated by its own discretion.

In our opinion, the period mentioned was intended

by the Legislature to constitute a limit of the right of appeal, as well as of the suspension of the execution of the judgment ; and consequently this court has now no jurisdiction of the case before us, and the motion must be denied.

In so far as the case of Mackey v. Commonwealth, 80 Ky., 345, conflicts with this, it is overruled.