CASE 16—INDICTMENT—OCTOBER 21.

## Adkins v. Commonwealth.

APPEAL FROM KNOX CIRCUIT COURT.

1. PRACTICE IN CRIMINAL CASES—APPEALS—BILLS OF EXCEPTION—ORDERS MADE IN VACATION.—The judge of the circuit court has no power during vacation to make an order further extending the time for filing a bill of exceptions beyond the time fixed by an order of court made in term time, and such an order does not operate to extend the time for filing the bill.

2. SAME.—Under the provisions of subsec. 4 of sec. 336 of the Criminal Code, that "if time be given beyond the term at which the judgment is rendered to present a bill of exceptions, the transcript of the record may be filed in the clerk's office of the Court of Appeals within sixty days after the bill of exceptions is made a part of the record," orders made or attempted to be made by the circuit judge in vacation further extending the time for the filing of the bill of exceptions are void, and the transcript not having been filed in the clerk's office of the Court of Appeals within sixty days from the expiration of the time originally given by an order of court in term time in which to file the bill of exceptions, the Court of Appeals has no jurisdiction to try the appeal, and the same will be dismissed.

BRECKENRIDGE & SHELBY, B. B. GOLDEN, C. BOWERS, C. B. LYTTLE AND J. J. FORRESTER FOR APPELLANT.

W. S. TAYLOR, MARCUM & POLLARD, JAS. D. BLACK AND J. H. TINSLEY FOR APPELLEE.

(Record and briefs not in the office.)

Adkins v. Commonwealth.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The terms of the Knox Circuit Court begin the second Monday in April, fourth Monday in July and first Monday in December. The April term continues for eighteen juridical days, the July term for twelve juridical days and the December term for eighteen juridical days. The December term in 1896 seems to have been extended. The trial of the defendant was concluded in January, 1897. On the second day of that month the court overruled the defendant's motion for a new trial. The verdict of the jury fixed the defendant's punishment at confinement in the penitentiary for life. On the day named, the 2d of January, the court pronounced judgment in accordance with the verdict of the jury, and made an order suspending the execution of the judgment for a period of sixty days from the date of the judgment, and for a like period time was given the defendant to prepare and have signed and made a part of the record his bill of exceptions. An appeal was granted the defendant. Hon. Robt. Riddell, as special judge of the Knox Circuit Court, tried the case. It does not appear that there was any term of the Knox Circuit Court until the regular term which convened on the second Monday in April, which was the 12th. On the 13th of April there was produced in court what purported to be an order signed by the special judge, on March 2, 1897, in which it is recited that the special judge did not have time to examine the bill of exceptions before the expiration of the time allowed to file the bill of exceptions, and the order recites that the time is extended forty days for filing the bill of exceptions. This order was not made during any term of the court. There was also produced another or-

der signed by the special judge, on the 3d of April, extending the time for filing the bill of exceptions until the 14th of April, 1897. On May 12, 1897, the defendant produced his bill of exceptions, signed by the Hon. Robt. Riddell, special judge, and moved that the orders which Riddell had made as stated, and the bill of exceptions, be noted of record and filed and made part of the record. The regular judge, A. H. Clark, seems to have been upon the bench, and refused to permit it to be done because he was disqualified to preside in the case. Thereupon an election was held, and John T. Hays was elected special judge. Upon the election of Hays as special judge the defendant produced the orders signed by Special Judge Riddell in vacation and the bill of exceptions and moved the court to have each and all of them entered and noted of record, and that each be made a part of the record in the case. The court sustained the motion, and it was recited in its order that the orders which Special Judge Riddell had made extending the time for filing the bill of exceptions are made a part of the record, and further recited that the bill of exceptions is made a part of the record. The special judge, Riddell, does not seem to have presided in the case during the April term of the court. The orders which we have recited indicate the bill of exceptions had not been signed on the 3d of April, because he then extended the time until the 14th of April to have it filed, though the paper purporting to be a bill of exceptions had Special Judge Riddell's name signed thereto, and the statement above it indicates it was placed there on the 18th of March, 1897. These facts are given with a view of determining whether or not the court has jurisdiction of this case. If

the orders which Judge Riddell signed as special judge during the period between adjournment of the court in January and the convening of the April term of the court are invalid, the defendant is without a bill of exceptions in this case.

Section 334, Criminal Code of Practice, is as follows: "The Court of Appeals shall have appellate jurisdiction in prosecutions for felonies, subject to the restrictions contained in this article."

In the article of which section 334 is a part, is section 336, which is as follows: "An appeal may be taken by the defendant in the following manner only:

"1st. The appeal must be prayed during the term at which the judgment is rendered, and the prayer noted on the record in the circuit court. The appeal shall be granted as a matter of right.

"2d. When an appeal is prayed the court shall, if the defendant desire it, make an order that the execution of the judgment be suspended until the expiration of the period within which the defendant is required to lodge a transcript of the record in the clerk's office of the Court of Appeals. After the expiration of such period the judgment shall be executed unless the defendant shall have filed in the clerk's office of the court rendering the judgment the certificate, as provided in subsection 3 of this section, that the appeal has been taken, or a copy of an order of the Court of Appeals granting further time to lodge the transcript.

"3d. The appeal is taken by lodging in the clerk's office of the Court of Appeals, within sixty days after the judgment, a certified transcript of the record. The clerk of

[7]

the Court of Appeals shall thereupon issue a certificate that
an appeal has been taken, which shall suspend the execution
of the judgment until the decision upon the appeal.

"4th. If time be given beyond the term at which the judg-
ment is rendered to present a bill of exceptions, the tran-
script of the record may be filed in the clerk's office of the
Court of Appeals within sixty days after the bill of ex-
ceptions is made a part of the record."

If section 336 has not been complied with by lodging in the
clerk's office of this court a transcript of the record within
the time fixed by section 336, then the court has no jurisdic-
tion of the case. It was decided in Sutton v. Common-
wealth, 84 Ky., 190, that a transcript of the record must be
filed in the clerk's office within sixty days after the judg-
ment, unless the Court of Appeals, by an order made within
that time, grants further time to lodge the transcript, or un-
less time be given beyond the term at which the judg-
ment is rendered to present a bill of exceptions. It was de-
cided in Metcalf v. Commonwealth, 84 Ky., 485, that where
a transcript in a felony case is not filed within sixty days
after judgment, and no order made within that period extend-
ing the time for filing, the Court of Appeals is without juris-
diction to try the appeal. If an appeal is prayed in a felony
case and the defendant desires it, the court will make an
order that the execution of the judgment shall be suspended
until the expiration of the period within which he is required
to lodge a transcript of the record in the clerk's office of the
Court of Appeals. When such period has expired the judg-
ment must be executed unless the defendant has filed, as
provided in subsection 3 of section 336, a certificate, show-

Adkins v. Commonwealth.

ing that an appeal has been taken, or a copy of the order oı the Court of Appeals granting further time to lodge the transcript.   If the appeal has not been taken as required by subsection 3, unless the court has given further time to lodge transcript, the court has no jurisdiction to try the appeal.   Subsections 2 and 3 contemplate that the judgment may be suspended for sixty days, during which period the transcript is to be filed.   Subsection 4 provides that if time be given beyond term at which judgment is rendered to present and file a bill of exceptions, the transcript of the record may be filed in the clerk's office of the Court of Appeals within sixty days after the bill of exceptions has been made part of the record.   Of course this means that the bill of exceptions will be signed and made part of the record within the time given for that purpose.   Assuming then (without deciding the question) that the court, on the 2d of January, had authority to extend the time sixty days within which to present a bill of exceptions, and that if the special judge, Riddell, had signed it within that time in vacation, it would have been a valid act, then under subsection 4 if the transcript had been filed within sixty days from the expiration of the sixty day period mentioned, the court would have jurisdiction to try the appeal.   ·Were the assumptions we have made correct, still the defendant has not complied with the requirements of the provisions of the Code because the record was not lodged in the office of the clerk of this court until the 24th of May, 1897, many days af٭ ter the expiration of the one hundred · and twenty days which covered both the time for the presenting of the bill of exceptions and lodging the

transcript of the record in the clerk's office of this court. This court would have been without power to have extended the time to prepare, present and file a bill of exceptions in the court below.

All that this court could have done would have been to have extended the time for lodging a transcript of the record in the office of the clerk of this court. The question then arises, what authority had the special judge, Riddell, in vacation to extend the time for filing the bill of exceptions? The court was not in session at the expiration of the sixty days in which a bill of exceptions was to have been filed. It was not in session on the 2d day of March when he signed the order extending the time to file the bill of exceptions. It was not in session on the 3d day of April when he made an order extending the time until the 14th day of April for filing a bill of exceptions. He was without authority to extend the time for filing a bill of exceptions as we think.

We are of the opinion that that which purports to be a bill of exceptions is no part of the record, and, further, that as the transcript was not filed within the time which the Code requires, this court does not have jurisdiction to try this appeal. The appeal is dismissed.

The court delivered the following response to petition for rehearing January 25, 1898:

As all dates necessary to be stated for the proper consideration of the case appear in the opinion delivered, they will not be herein re-stated. In the opinion the court left open the question as to whether the trial court had the right to fix a day in vacation for signing the bill of exceptions, and making it a part of the record. We agree with the learned coun-

sel for the appellant, that distinguished lawyers prepared the present Code of Practice for the approval of the General Assembly; and, further, that they were familiar with the provisions of the old Code and the adjudications of this court interpreting its provisions. It is likewise presumed tha. the Legislature was familiar with the provisions of the ol.. Code, and the adjudications of this court with reference to its provisions. Whilst the Legislature changed the old Code so as to entitle the defendant to have granted to him an appeal "as a matter of right," it has equally as clearly and certainly prescribed the conditions and terms upon which the appeal thus granted should be prosecuted. His right to appeal secured him the right to have his case reviewed in this court, but only on condition that he complied with the provisions of the Code which regulate how the appeal shall be taken. This court has appellate jurisdiction of prosecutions for felonies in virtue of the provisions of the Criminal Code of Practice. In conferring that jurisdiction the General Assembly saw proper to say that the court should exercise the jurisdiction "subject to the restrictions contained in this article" (Title 9, Criminal Code). Simply because the defendant is entitled to have granted to him an appeal as a matter of right, does not entitle him, in order to have his case reviewed on appeal to this court, to disregard the plain provisions of the Code, to follow which alone gives this court appellate jurisdiction; consequently the right to review the judgment. It is perfectly clear to us that the Legislature did not intend that this court should have any right to review the judgment from which the appeal was granted unless the defendant filed a certified transcript of the record within the

time allowed by the Code, because "the appeal is taken by lodging in the clerk's office of the Court of Appeals" the certified transcript of the record. It must be borne in mind that it is the granting of the appeal which the defendant is entitled to as a matter of right, but to make that right available he must take the appeal, and this can be done not as a matter of right except "subject to the restrictions" of certain provisions of the Code. At this point we will consider how the defendant may bring before this court for review the exceptions which he may have taken to the decisions of the court by which his substantial rights have been prejudiced. The exceptions are to be shown upon the record by a bill of exceptions; and unless that bill of exceptions is prepared, settled, signed and made part of the record in the manner provided by law, it can not constitute a part of the record, hence can not be considered by this court on the appeal.

Chapter 8, Criminal Code of Practice, contains three sections in relation to bills of exceptions. There is no other part of the Criminal Code of Practice which prescribes how the bill of exceptions shall be prepared, settled and signed.

Section 280 provides: Upon the trial of criminal or penal prosecutions either party may except to any decision of the court by which his substantial rights have been prejudiced, subject to the restrictions contained in section 281, which designates what decisions of the court are not subject to exception.

Section 282 reads as follows: "The exception shall be shown upon the record by a bill of exceptions, prepared, settled and signed as provided in the Code of Practice in

civil cases." Under this section the bill of exceptions shall be prepared, settled and signed as provided in the Code of Practice in civil cases. For the judge to sign the bill of exceptions, he must do so in the manner, at such time, and under such circumstances as he is, by law, authorized to do such act under the Code of Practice in civil cases. If a judge could not in a civil case extend the time to a day in vacation to sign a bill of exceptions, and if he did so his act would be invalid, then he can not make an order in a criminal case extending the time to a day in vacation for the purpose of and sign a bill of exceptions. If a judge signs a bill of exceptions in a criminal case in vacation, he is certainly not signing it as provided in the Code of Practice in civil cases.

Section 334, Civil Code of Practice, provides that: "Time may be given to prepare a bill of exceptions, but not beyond a day in the succeeding term, to be fixed by the court." This language is substantially the same as the language contained in section 364, old Civil Code of Practice. In construing the language in section 364, to-wit.: "But not beyond the succeeding term," the court said in Freeman v. Brenham, &c., 17 Ben Monroe, 608, that the "section of the Code was not intended to allow, nor should be construed as allowing, a bill of exceptions to be made up and signed in vacation." We think the Code in using language "not beyond the succeeding term," merely authorized time to be given for the filing of the bill of exceptions at the succeeding term, but not to prepare and file it at any time in vacation, provided that time did not reach beyond the succeeding term."

In Allard v. Smith, 2 Met., 298, the court had given forty

days to "spread the evidence." It was an extension of time to a day in vacation to prepare and have signed a bill of exceptions, and was so regarded by this court; and in passing upon the question the court said: "That this order was unauthorized by law, and that a bill of exceptions allowed and signed by the judge in vacation, though copied into the transcript, will not be considered by this court."

In Corley's Exor. v. Evans and Wife, 4 Bush, 410, Judge Robertson, delivering the opinion of the court, said: "The document professing to state them, and styled a bill of exceptions, does not appear to have been either signed or filed in court; but, as time was allowed for completing it in vacation, the presumption is that it was prepared and signed extra-judicially out of court, and is, therefore, according to the Code of Practice, unauthorized and void."

Before the adoption of the Code of Practice there seems to have been no law which authorized the court below to sign, allow, or make part of the record an exception to the decisions after the term was over. As early as 1821 Judge Mills, in delivering the opinion of the court in Biggs v. McIlvain's Extx., 3 A. K. Marshall, 1192, makes that statement, and held that a bill of exceptions so made should be disregarded as it did not compose part of the record. This court, in Freeman v. Brenham, recognized that there was no such law when the Code was adopted. At the time of the revision and re-enactment of the Code, which took effect January 1, 1877, under the interpretation of the Code as made by this court, the lower court could not extend the time to a day in vacation to prepare and sign and make part of the record the bill of exceptions. If it was done it would

not be regarded by this court as a part of the record of the case. Notwithstanding that condition the General Assembly did not attempt to change that section of the Code so as to enable the bill of exceptions to be prepared, signed and made part of the record in a manner other than was pursued under the old Code.

Since the re-enactment of the present Civil Code section 334 has been amended by an act of the Legislature, approved May 12, 1886, which simply provides that if a judge of a court, for any cause, does not preside at the term during which the bill should be presented under the order of extension, or where no court is held, the party offering the bill of exceptions shall have until the next session of the court to perfect and prepare the bill of exceptions. The Legislature which reenacted the Code, and the one which passed the amendment to which we have just referred, have in effect approved the interpretation which this court had given to section 364 of the old Code.

Sections 275, 276 and 277 are the same language as sections 280, 281 and 282 of the present Criminal Code. The exceptions are taken to the decisions of the court in the same manner in penal as in criminal prosecutions, and they are shown in the same way upon the record by a bill of exceptions prepared, settled and signed as provided in the Civil Code of Practice in civil cases.

This court, in Tweedy v. Commonwealth, 2 Met., 379, recognized section 364, old Civil Code, as controlling the matter of extending the time for preparing, signing and making a bill of exceptions a part of the record in prosecutions by the Commonwealth.   Counsel for appellant ap-

parently attach no importance to the sections of the Code which we have considered, and the decisions of this court in relation thereto.   He claims in virtue of subsection 4, section 336, Criminal Code, which reads as follows, to-wit: "If time be given beyond the term at which the judgment is rendered to present a bill of exceptions, the transcript of the record may be filed in the clerk's office of the Court of Appeals within sixty days after the bill of exceptions is made a part of the record."

Counsel contends that the language, to-wit.: "If time be given beyond the term at which the judgment is rendered to present a bill of exceptions," places no limitation on the power of the court to fix the time for preparing and signing a bill of exceptions.   We agree with counsel that that subsection does not contain such limitation, and while it is clear that it does not, it is equally clear that it confers no power, nor does it attempt to confer any power, upon the court to fix the time for signing a bill of exceptions.   The subsection was not enacted for the purpose of conferring authority upon the court to extend the time for preparing and filing a bill of exceptions, but for the purpose of allowing the defendant time for filing a transcript of the record in the clerk's office of the Court of Appeals.   The Legislature recognized (without attempting to grant it) that the court had power to extend the time for preparing and filing the bill of exceptions.   So it said, if the court had exercised the power by extending the time beyond the term at which the judgment was rendered to present a bill of exceptions, then the defendant was not limited to sixty days after the judgment for filing a certified transcript of the record, but should

have sixty days "after the bill of exceptions is made part of the record." To place the construction upon the language as contended for by counsel for the appellant would not only be doing violence to the language used, but would be utterly disregarding the other provisions of the Codes of Practice, which in unmistakable language prescribe as to how bills of exceptions shall be signed and made part of the record. When the Legislature prescribed the condition upon which the defendant should have sixty days, after the bill of exceptions was made a part of the record, in which to file a transcript of the record in the clerk's office of the Court of Appeals it assumed that the extension of time had been made in the manner required by the Code.

We can not allow a provision of the Code which was neither intended to, nor does confer, power on the court to extend the time to prepare and sign a bill of exceptions to control our opinion in disregard of a section of the Civil Code of Practice which was expressly enacted for the purpose of conferring the power and limiting its exercise.

The transcript not having been filed within the time required by law the appeal was properly dismissed.

The petition for rehearing was considered by a judge who did not deliver the opinion and also by all the judges.