## Smith v. Commonwealth.

(Decided February 14, 1912.)

### Appeal from Fayette Circuit Court.

1.  Appeals—Dismissing Appeal—Failure to File Transcript—Provision of Code.—This appeal is dismissed because of the failure of appellant to file, as required by Section 336, Criminal Code, a transcript of the record in the clerk's office of this court, within sixty days after the trial court's judgment was rendered.

2.  Same—Provision of Code Mandatory—Extension of Time for Filing Transcript.—The provisions of Section 336 are mandatory; and if, as claimed by appellant, his failure to file the transcript within the required sixty days after the judgment, was because of the inability of the clerk of the Circuit Court to copy the record within that time, appellant's remedy was to ask of this court an extension of time beyond the sixty days for filing the transcript, which he did not do

NAT H. HOBBS for appellant.

JAMES GARNETT, Attorney General and CHARLES H. MORRIS, Assistant Attorney General for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Dismissing.

The appellant was tried and convicted in the court below under an indictment charging him with the crime of burglary. He filed a motion and grounds for a new trial, but the motion was overruled, following which, sentence was pronounced and judgment entered by the

court, fixing his punishment at confinement in the penitenitary not less than two, nor more than ten years.

An appeal was then prayed and granted of record and an order entered staying the execution of the judgment sixty days, that the appeal might be perfected.

The Commonwealth has entered a motion to dismiss the appeal upon the ground that the transcript of the record was not filed in this court within sixty days after the rendition of the judgment.

It appears from the record that the motion for a new trial was overruled, the judgment entered and appeal granted, on November 4th, 1911. On the same day the order suspending the execution of the judgment sixty days for perfecting the appeal, was entered. It also appears from the record that appellant filed his bill of exceptions in the circuit court on December 11th, 1911, but that he did not file in the clerk's office of this court, a transcript of the record until January 31st, 1912.

Section 336, Criminal Code, regulates the time and manner of appealing by the defendant in a felony case. Subsection 1, of which allows an appeal as a matter of right, but requires that it be prayed and the prayer noted of record in the circuit court, during the term at which the judgment is rendered. Subsection 2 provides that the circuit court may by an order suspend the execution of the judgment during the period within which the defendant is required to lodge a transcript of the record in the clerk's office of the Court of Appeals. Subsection 3 requires that the appeal be taken by lodging in the clerk's office of the Court of Appeals, within sixty days after the judgment, a certified transcript of the record. Subsection 4 provides:

"If time be given, beyond the term at which the judgment is rendered, to present a bill of exceptions, the transcript of the record may be filed in the clerk's office of the Court of Appeals, within sixty days after the bill of exceptions is made a part of the record."

It is admitted by counsel for appellant that the transcript of the record was not filed in the clerk's office of this court within sixty days after the rendition of the judgment of the circuit court, but contended that as it was done within sixty days after the filing of his bill of exceptions in the circuit court, this was sufficient, under subsection 4, of section 336, supra, and gave this court jurisdiction of the appeal.

We do not accept this view of the matter, for subsec-

tion 4 only allows the filing of the transcript of the record in this court within sixty days after the filing of the bill of exceptions in the circuit court, where there is an extension of time by that court, for filing the bill of exceptions, beyond the term at which the judgment was rendered, or if the court be one of continuous session, like the Fayette Circuit Court, an extension of sixty, or not more than one hundred and twenty days after the rendition of the judgment, for that purpose. (Sec. 1016, Kentucky Statutes.)

But there was no extension of time, granted or asked, in this case for the filing of the bill of exceptions, therefore, the provision of subsection 4, section 336, referred to, can not be invoked by appellant in support of his claim of right to file the transcript of the record, in the clerk's office of this court, within sixty days after the filing of the bill of exceptions in the circuit court.

After the filing of the bill of exceptions, there remained nearly half of the sixty days succeeding the rendering of the judgment, allowed by the Code for the filing of the certified transcript of the record in the clerk's office of the Court of Appeals, yet it was not filed therein by appellant until January 31st, 1912, twenty-seven days after the expiration of the sixty days succeeding the day upon which the judgment was rendered. So, for the purpose or disposing of the motion to dismiss the appeal, the status of the case is the same as if the bill of exceptions had been filed on the day the judgment was rendered, and as the transcript of the record was not filed in the clerk's office of this court, before the expiration of the sixty days next succeeding the day upon which the judgment was rendered, it necessarily follows that we are without jurisdiction to entertain the appeal.

The fact that subsection 1, section 336, Criminal Code, declares that an appeal shall be granted the defendant "as a matter of right," does not authorize a disregard of other provisions of the Code regulating appeals. While the appellant's right to the appeal carries with it the right to have his case reviewed in this court, such right is conditioned upon his complying with the provisions of the Code which regulate how the appeal shall be taken, otherwise the court will be without jurisdiction, to entertain the appeal. (Sec. 334, Criminal Code.) One of these provisions, declaring when he shall file a certified transcript of the record in the clerk's office of this court, has been disregarded, hence, he has

lost his right to have his case reviewed by the Appellate Court.

Appellant insists that his failure to file the transcript in this court within the time fixed by the Code, was due to the inability of the clerk of the circuit court to copy it within that time. The failure to file the transcript in the required time can not be excused on that ground, as appellant, upon informing this court of such inability of the clerk could have obtained an extension of time for filing it; as provided by subsection 2, section 336, supra. We have repeatedly held that the provisions of section 336 are mandatory and that to enable us to entertain jurisdiction in a felony case, a certified transcript of the record must be filed in the clerk's office of this court within sixty days after the judgment, unless the court extend the time. Moreover, that the provisions of the Code can not be dispensed with even by agreement of parties; nor can the fact that the record was mislaid by the clerk and not found or filed, until after sixty days, confer jurisdiction. Metcalf v. Commonwealth, 84 Ky., 485; Stratton v. Commonwealth, 84 Ky., 190; Gray v. Commonwealth, 112 Ky., 542; Atkins v. Commonwealth, 102 Ky., 94; Commonwealth v. Schlitzbaum, 25 R., 1022.

It is deemed not improper to state, that, notwithstanding the Commonwealth's motion to dismiss the appeal, we have considered the entire record, and would have been compelled to affirm the judgment had the case been decided on its merits. But for the reasons indicated in the opinion, the appeal is dismissed.