## Flowers v. Commonwealth.

(Decided April 25, 1913).

### Appeal from Graves Circuit Court.

1. Appeal—Filing of Transcript in Felony Case—Jurisdiction—Dismissal of Appeal.—If the transcript is not filed in 60 days after the

judgment in a case of felony, the Court of Appeals is without juris-
diction, and the appeal must be dismissed, although the case is
submitted before the motion to dismiss for want of jurisdiction
is entered.

2.    Appeal—Filing of Transcript in Felony Case—Delivery of to Ex-
press Company.—The transcript must be filed with the clerk of
the Court of Appeals within 60 days. It is not sufficient that it
be delivered to the Express Company in time; and that the Express
Company failed to deliver it to the clerk.

HESTER & HESTER, W. S. FOY and T. J. MURPHY for appel-
lant.

JAMES GARNETT, Attorney General; D. O. MYATT, Assistant
Attorney General for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Dismissing Appeal.

Ulis Flowers was indicted in the Graves Circuit Court
for false swearing, and on a trial of the case was found
guilty by the jury and sentenced by the court. He filed
a motion for a new trial which was overruled on Decem-
ber 18, 1912. A bill of exceptions was then filed, he was
granted an appeal, and the judgment was suspended
for a period of sixty days. He filed the transcript with
the clerk of this court on February 18, 1913. At this
term the case was submitted on April 22. On the next
day the Commonwealth entered a motion to dismiss the
appeal, and affidavits having been filed, the case is now
submitted on the motion.

More than sixty days elapsed after the granting of
the appeal on December 18, before the filing of the tran-
script in the clerk's office of this court, and the motion
to dismiss is based upon the ground that the transcript
not having been filed in time, the court under the Code
is without jurisdiction. Section 336 of the Criminal Code
regulating appeals to this court in felony cases, provides:

"An appeal may be taken by the defendant in the fol-
lowing manner only:

"1.    The appeal must be prayed during the term at
which the judgment is rendered, and the prayer noted
on the record in the circuit court. The appeal shall be
granted as a matter of right.

"3.    The appeal is taken, by lodging in the clerk's
office of the Court of Appeals, within sixty days after the
judgment, a certified transcript of the record."

It will be observed that it is provided by the Code
that an appeal may be taken by the defendant in the fol-

lowing manner only, and then it is provided that the appeal is taken by lodging in the clerk's office of the Court of Appeals within sixty days after the judgment, a certified transcript of the record.

In Mackey v. Com., 80 Ky., 346, it was held that a motion to dismiss because the transcript was not filed in time, came too late in a felony case, when it was made after submission of the appeal in this court. But in Metcalf v. Com., 84 Ky., 485, it was held that when the transcript in a felony case is not filed within sixty days after judgment and no extension of the time for filing it is made within that period, this court is without jurisdiction to try the appeal, and in that case Mackey v. Com., 80 Ky., 346, was overruled. Metcalfe v. Com. has since been followed in Adkins v. Com., 102 Ky., 94; Com. v. Schlitzbaum, 25 R., 1022; Gray v. Com., 112 Ky., 542; Smith v. Com., 146 Ky., 751.

In Watkins v. Com., 123 Ky., 817, the court followed Mackey v. Com. 80 Ky., 346, failing by inadvertence to notice that this case had been overruled; and in so far as Watkins v. Com., is in conflict with the cases above referred to, it is overruled.

It appears from the affidavits filed on the motion that appellant delivered to the Express Company the transcript in Graves County on February 14, to be carried by it to Frankfort and delivered to the clerk of this court; but for some reason the transcript was not in fact delivered to the clerk of this court until February 18. The Express Company was the agent of the appellant. Under the Code, the appeal was taken by lodging in the clerk's office of this court in sixty days after the judgment a certified transcript of the record. The delivery of the transcript to the Express Company does not satisfy the statute; and the transcript not having been delivered to the clerk within the time allowed by law, the appeal was not taken, and this court is without jurisdiction. The motion to dismiss the appeal is therefore sustained.

Appeal dismissed.