## Berge v. Commonwealth.

(Decied April 17, 1914.)

### Appeal from Pulaski Circuit Court.

1. Appeal—Appeal From Conviction for Misdemeanor—How Taken by the Defendant.—To authorize an appeal by the defendant in a case of misdemeanor, "the appeal must be prayed during the term at which the judgment is rendered, and shall be granted upon the condition that the record be lodged in the clerk's office of the Court of Appeals within 'sixty days after the judgment." Section 348, Criminal Code.

2. Appeal—Section 348 Criminal Code Mandatory—If Provisions Not Complied With, Court of Appeals Without Jurisdiction to Entertain Appeal.—Section 348, Criminal Code, as well as Section 336, applying to appeals in cases of felony, is mandatory; and the Court of Appeals has no jurisdiction of an appeal in a case either of misdemeanor or felony, unless the transcript of the record be lodged in the clerk's office of the Court of Appeals within sixty days after the judgment.

3. Appeal—Dismissal of—When Required.—Where the transcript of the record is not filed in the clerk's office of the Court of Appeals within sixty days after the judgment, as required by Section 348, Criminal Code, and an order of the Court of Appeals, extending the time for filing the transcript in the clerk's office of the Court of Appeals beyond the sixty days after the judgment, is not obtained, the appeal will be dismissed in that court for want of jurisdiction. The provisions of the Code, requiring the filing of a transcript of the record in the clerk's office of the Court of Appeals within sixty days after the judgment, cannot be dispensed with, even by agreement of parties.

VIRGIL P. SMITH for appellant.

JAMES GARNETT, Attorney General; D. O. MYATT, Assistant Attorney General for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Dismissing Appeal.

Appellant was indicted in the Pulaski Circuit Court for selling liquor in local option territory. The trial resulted in a verdict finding him guilty and fixing his punishment at a fine of $60.00, and confinement for two days in the county jail. The circuit court refused him a new trial and he has appealed.

The Commonwealth has entered a motion to dismiss the appeal, which, if sustained, will render unnecessary a consideration of other questions presented by the record. The motion is based on the failure of the appellant to file the transcript of the record in the office of the Clerk of the Court of Appeals, within sixty days after the judgment; for which reason, it is claimed, this court is without jurisdiction to entertain the appeal.

It appears from the record that the trial of appellant occurred, and the judgment manifesting his conviction was entered, February 3, 1913, which was the first day of the February term, 1913, of the Pulaski Circuit Court; and that on the 6th of February and fourth day of the term he filed motion and grounds for a new trial, which motion the court, after the introduction of certain evidence by appellant, overruled on the same day. To the judgment overruling the motion, then entered, appellant excepted and prayed and was granted an appeal. On February 11, 1913, the eighth day of the same term, he entered his bill of exceptions, which was approved by the court, signed and, by proper order, filed and made a part of the record. But, notwithstanding such perfecting

of the record February 11, 1913, for taking the appeal, the transcript thereof was not filed in the office of the Clerk of the Court of Appeals until March 11, 1914; which was not only more than sixty days, but more than a year after the judgment.

Section 347, Criminal Code, gives the Court of Appeals appellate jurisdiction in penal actions and prosecutions for misdemeanors, "If the judgment be for a fine exceeding fifty dollars, or for imprisonment exceeding thirty days; or, if the judgment be for the defendant, in cases in which a fine exceeding fifty dollars, or confinement exceeding thirty days, might have been inflicted."

The time and manner of appealing by the defendant is provided by Section 348, which declares: "The appeal must be prayed during the term at which the judgment is rendered, and shall be granted upon the condition that the record be lodged in the clerk's office of the Court of Appeals within sixty days after the judgment."

We have repeatedly declared that this section of the Criminal Code, as well as Section 336, applying to appeals in cases of felony, is mandatory; and that this court has no jurisdiction of an appeal in a case, either of misdemeanor or felony, unless the transcript of the record be lodged in the Clerk's office of the Court of Appeals within sixty days after the judgment. Stratton v. Commonwealth, 84 Ky., 190; Metcalf v. Commonwealth, 84 Ky., 485; Adkins v. Commonwealth, 102 Ky., 94; Putnam v. Commonwealth, 109 Ky., 903.

It is, however, insisted for appellant that the Commonwealth's Attorney by agreement waived the requirement of Section 348, Code, as to the filing of the transcript in the Clerk's office of the Court of Appeals within sixty days after the judgment. The agreement is shown by the record, but it was made long after the time for filing the transcript in the Clerk's office of the Court of Appeals had expired; and, besides, it is well settled that the provisions of the section of the Code, supra, cannot be dispensed with even by agreement of parties; nor can the fact that the record was mislaid by the clerk and not found or filed, until after sixty days succeeding the judgment, confer jurisdiction upon this court to entertain the appeal. Commonwealth v. Schlitzbaum, 25 R., 1022; Smith v. Commonwealth, 146 Ky., 751; Flowers v. Commonwealth, 153 Ky., 436.

The appellant might have obtained, by an order in the Court of Appeals, an extension of time beyond the

sixty days after the judgment for the filing of the transcript of the record in the Clerk's office thereof, but no such extension was obtained. or applied for by him.

For the reasons indicated this court is without jurisdiction to entertain the appeal, wherefore, the motion of the Commonwealth is sustained and the appeal dismissed.