## Lane v. Commonwealth.

(Decided December 1, 1914.)

### Appeal from Bell Circuit Court.

1. Appeal—Dismissal.—Under Sub-section 3, Section 336, Criminal Code, where the transcript in a felony case is not filed within 60 days, the appeal must be dismissed.
2. Appeal—Jurisdiction.—Where the transcript in a felony case is not filed in 60 days, this court cannot be given jurisdiction by agreement.

JACKSON MORRIS and E. N. INGRAM for appellant.

JAMES GARNETT, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Dismissing appeal.

The appellant, Will Lane, was indicted and tried for the murder of his wife. The jury found him guilty and fixed his punishment at death. Motion for new trial was overruled in the court below, and judgment entered on the verdict February 21st, 1914. Bill of exceptions was tendered and signed March 28th, 1914. No further time was sought or granted for any purpose. Transcript of the record was not filed here until July 6th, 1914.

Sub-section 3, of Section 336, of the Criminal Code, limits the jurisdiction of this court to appeals in felonies to cases where a certified transcript of the record is filed with the clerk of the Court of Appeals within 60 days after judgment. In view of the fact that the record was not filed within 60 days, we are without jurisdiction to consider it. Metcalf v. Commonwealth, 84 Ky., 485; Stratton v. Commonwealth, 84 Ky., 190; Gray v. Commonwealth, 112 Ky., 542; Adkins v. Commonwealth, 102 Ky., 94; Mackay v. Commonwealth, 80 Ky., 345; Putman v. Commonwealth, 109 S. W. Rep., 903; Commonwealth v. McCready, 2 Met., 376.

In Commonwealth v. Schlitzbaum, 25 Ky. L. R., 1022, 76 S. W. Rep., 835, it was held that this provision of the Code could not be dispensed with nor this court given jurisdiction by agreement.

In view of the severity of the penalty, we have thought it advisable to examine the record, and this we have done with care. The evidence discloses a deliberate murder without the slightest provocation. No defense was offered except temporary insanity. Appellant's proof on this point is not at all convincing. In fact, the proof preponderates in favor of his sanity. The instructions given by the court fairly submitted this and every other question to the jury, and there is nothing in the record to authorize us to disturb their finding, if we had jurisdiction of the case.

We would have to affirm the judgment, had it been brought before us in proper time. As it is, the appeal must be dismissed for want of jurisdiction.