## Bass v. Commonwealth.

(Decided September 25, 1923.)

## Appeal from Cumberland Circuit Court.

1. Criminal Law—Statute as to Time for Appeal from Conviction for Misdemeanor Mandatory.—Criminal Code of Practice, section 348, providing that appeal from conviction for misdemeanor shall be granted on condition that the record be lodged in the clerk's office within 60 days after judgment, is mandatory, cannot be extended, except by an order of the Court of Appeals.

2. Time—Day on Which Judgment Entered to be Included in Computation of Time for Appeal.—Under Criminal Code of Practice, section 348, providing the time and manner of taking an appeal for misdemeanor cases, the day on which the judgment, or the order overruling a motion for new trial, was entered, must be included in the computation of time.

3. Criminal Law—Transcript on Appeal from Misdemeanor Must Actually be Deposited, and Not Mailed, Within Time Allowed.—Under Criminal Code of Practice, section 348, providing that on appeal in misdemeanor cases the records must be lodged in the clerk's office of the Court of Appeals within 60 days after judgment, the transcript must actually be filed in the clerk's office be-

fore the expiration of such time, and it is not enough that counsel mailed the transcript so that it should have reached the clerk within the time.

B. L. SIMPSON for appellant.

THOS. B. McGREGOR, Attorney General, and LILBURN PHELPS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Dismissing.

The appellant was convicted on the charge of selling intoxicating liquor. On this appeal the sole ground upon which he relies for a reversal is that the verdict of the jury was excessive.

The Commonwealth has filed a motion to dismiss the appeal on the ground that the transcript of the record was not filed in the office of the clerk of this court within sixty days after the order overruling his motion for a new trial was entered in the lower court. It appears that the order was entered on the 28th day of March, 1923, and that the transcript was filed on the 28th day of May following.

Section 348 of the Criminal Code provides the time and manner of taking an appeal in misdemeanor cases. It reads: "The appeal must be prayed during the term at which the judgment is rendered, and shall be granted upon the condition that the record be lodged in the clerk's office of the Court of Appeals within sixty days after the judgment."

It has been held that a motion for a new trial suspends the judgment of conviction and the time is computed from the day the order overruling the motion is entered. Comth. v. Bavarian Brewing Co., 114 Ky. 877. But in an unbroken line of decisions this section has been declared to be mandatory and that it cannot otherwise be extended except by order of this court. Flowers v. Comth., 153 Ky. 438; Berge v. Comth., 158 Ky. 424; Smith v. Comth., 146 Ky. 751. Further, the day on which the judgment overruling the motion was entered must be included in the computation of time (Wood v. Comth., 11 Bush 220), so it clearly appears that more than sixty days elapsed after the entry of the judgment before the transcript was filed in the clerk's office.

In an effort to avoid this conclusion appellant filed the affidavit of his counsel to the effect that he deposited

the transcript, properly addressed, in the post office at Burkesville on the morning of the 25th of May and that the record should have reached the clerk of this court within the time to file. The affidavit itself is indefinite, but if it clearly showed that the transcript according to the due course of the mails would have reached the office of the clerk of this court in time, this would not suffice.

It is elementary that the jurisdiction of this court in criminal appeals depends upon a compliance with the statutory terms upon which such appeals are permitted. In the Berge case, *supra,* there was an agreement of time for an extension; in Stratton v. Comth., 84 Ky. 190, the clerk had misplaced the record and could not prepare a transcript in time; in the Flowers case the transcript was delayed in transmission by the express company, but neither availed the defendant. We can draw no distinction between those cases and this.

It is true that the mails are transported by governmental agencies and ordinarily are conducted in due course, but that transportation is in no way connected with the state government or the conduct of the courts, and the delivery of a record, properly addressed at the post office, is in no sense a deposit or filing in the clerk's office, and if the appellant adopts this method of transportation it is at his own risk. If the limit of time is such as to render the transportation hazardous his protection lies in securing an extension of time in this court. This appellant failed to do.

Wherefore his appeal is dismissed.

Whole court sitting.