## Isaacs v. Commonwealth.

(Decided September 23, 1924.)

### Appeal from Jackson Circuit Court.

Criminal Law—Court of Appeals has no Jurisdiction of Misdemeanor Case, Unless Transcript is Filed Within Sixty Days After Judgment.—Under Criminal Code of Practice, section 348, Court of Appeals has no jurisdiction of appeal in misdemeanor case, unless transcript of record is filed in clerk's office within sixty days after judgment.

A. W. BAKER for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Dismissing the appeal.

G. P. Isaacs was arrested upon a warrant issued by the county judge of Jackson county on the charge of having in his possession intoxicating liquor, not for sacramental, medicinal, scientific or mechanical purposes. On the trial of the case in the Jackson quarterly court on October 15, 1923, he was found guilty and his punishment was fixed at a fine of $100.00 and thirty days' imprisonment in jail. On the same day he appealed from the judgment of the quarterly court to the circuit court and executed an appeal bond.

When the case was called for trial January 15, 1924 Isaacs did not appear. His attorney moved for a continuance, but the motion was overruled and the case was tried again. He was found guilty and his punishment fixed at a fine of $300.00 and sixty days' imprisonment in jail. On January 17th he filed grounds for a new trial. One of the grounds was that on December 6, 1923, the Governor had remitted the state's part of the fine and the jail sentence imposed by the judgment of the quarterly court. The court overruled his motion for a new trial on the ground that no mention of any sort was ever made of a pardon until the cause had been tried in that court, that the remittance was of no effect and that the defendant had no need of a pardon to relieve him of the judgment of the quarterly court as his appeal and bond served that purpose and the trial in the circuit court is *de novo*.

This judgment was rendered on January 17, 1924, and the defendant was then granted an appeal. The record of the appeal was filed in this court April 18, 1924, or more than sixty days after the judgment appealed from was rendered. Section 348 of the Criminal Code provides 'as to appeals in misdemeanor cases:

> "The appeal must be prayed during the term at which the judgment is rendered, and shall be granted upon the condition that the record be lodged in the clerk's office of the Court of Appeals within sixty days after the judgment."

It has been settled by this court in a long line of cases that this court has no jurisdiction of an appeal in a misdemeanor case, unless the transcript of the record is filed in the clerk's office of the Court of Appeals within sixty days after the judgment. Berge v. Com., 158 Ky. 424; Bass v. Com., 200 Ky. 230.

As this court has no jurisdiction of the appeal it is without power to review the judgment of the circuit court or to determine whether it is correct or incorrect.

Appeal dismissed.