## Glenn v. Commonwealth.

(Decided May 2, 1930.)

JAMES R. HINES and JOHN H. GILLIAM for appellant.

J. W. CAMMACK, Attorney General, and S. H. BROWN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE GRIGSBY—Dismissing appeal.

The appellant William Glenn, was convicted at the May term, 1929, of the Butler circuit court for carnally

knowing a female under the age of 18 years, and his punishment fixed by a jury at two years' confinement in the penitentiary. Judgment was entered by the court in accordance with the verdict of the jury. At the same term of court, motion and grounds for a new trial were overruled and an appeal granted, and defendant was given until the fourth day of the August term, 1929, of the Butler circuit court to prepare and tender a bill of exceptions. On the fourth day of August term the time was by order extended until the tenth day of the August term, 1929. On the eighth day of the August term, 1929, being the 27th day of August, 1929, appellant filed his bill of exceptions in the Butler circuit court and same was approved and made a part of the record on that date. The transcript was not filed in this court until January 6, 1930.

The commonwealth entered motion to dismiss the appeal for the reason that the transcript was not filed in the office of the clerk of the Court of Appeals within sixty days after the judgment, or within sixty days after the bill of exceptions had been made a part of the record.

Section 336, Criminal Code of Practice, subsections 3 and 4, regulating appeals by defendant, provides as follows:

"The appeal is taken, by lodging in the clerk's office of the Court of Appeals, within sixty days after the judgment, a certified transcript of the record. The clerk of the Court of Appeals shall thereupon issue a certificate that an appeal has been taken, which shall suspend the execution of the judgment until the decision upon the appeal.

"If time be given, beyond the term at which the judgment is rendered, to present a bill of exceptions, the transcript of the record may be filed in the clerk's office of the Court of Appeals, within sixty days after the bill of exceptions is made a part of the record."

In a number of decisions these provisions of the Code have been construed, and in every instance these provisions have been held to be mandatory. Flowers v. Commonwealth, 153 Ky. 436, 155 S. W. 740; Lane v. Commonwealth, 161 Ky. 329, 170 S. W. 627.

It is therefore apparent that this court is without jurisdiction to entertain the appeal, wherefore the motion of the commonwealth is sustained, and the appeal is dismissed.