## Slone v. Commonwealth.

(Decided May 22, 1931.)

WILLIAM DINGUS for appellant.

J. W. CAMMACK, Attorney General, and HOWARD SMITH GENTRY for appellee.

OPINION OF THE COURT BY JUDGE REES—Dismissing Appeal.

Tony Slone was convicted of the crime of murder and sentenced to life imprisonment in the penitentiary. His motion for a new trial was overruled in the court below on July 12, 1930, and he was given until the 24th day of the next regular term of the Floyd Circuit court to prepare and tender his bill of exceptions. His bill of exceptions was tendered within the time granted and his motion to have it approved, filed, and made a part of the record was sustained on September 26, 1930. A certified transcript of the record was lodged in the office of the clerk of this court on December 16, 1930, or 81 days after the bill of exceptions was made a part of the record.

The commonwealth has moved to dismiss the appeal because the transcript was not lodged in the office of the clerk of this court within 60 days after the judgment or within 60 days after the bill of exceptions had been made a part of the record.

Subsection 3 of section 336 of the Criminal Code of Practice provides that the appeal in a felony case is taken by lodging in the clerk's office of the Court of Appeals within 60 days after the judgment a certified transcript of the record. Subsection 4 of the same section provides that, if time be given beyond the term at which the judgment is rendered to present a bill of exceptions, the transcript of the record may be filed in the clerk's office of the Court of Appeals within 60 days after the bill of exceptions is made a part of the record. It has been held in a number of cases that, unless the transcript is filed in the clerk's office of the Court of Appeals within the time prescribed by section 336 of the Criminal Code of Practice, this court is without jurisdiction. Glenn v. Commonwealth, 234 Ky. 162, 27 S. W. (2d) 693; Adkins v. Commonwealth, 102 Ky. 94, 42 S. W. 834, 44 S. W. 132, 19 Ky. Law Rep. 1300.

In view of the apparent severity of the punishment inflicted, we have carefully read the record and find that

the evidence amply sustains the verdict. Even had the appeal been perfected within the time prescribed by law and we had jurisdiction of the case, we find no error that would authorize a reversal of the judgment.

The motion of the commonwealth is sustained, and the appeal dismissed.