CASE 26—INDICTMENT—JUNE 5.

# Stratton v. Commonwealth.

APPEAL FROM LOGAN CIRCUIT COURT.

To GIVE TO THE COURT OF APPEALS JURISDICTION IN A FELONY CASE a certified transcript of the record must be filed in the clerk's office within sixty days after the judgment, unless the Court of Appeals, by an order made within that time, grants further time to lodge the transcript, or unless time be given beyond the term at which the judgment is rendered to present a bill of exceptions. The fact that the record was mislaid by the clerk and not found until the expiration of the sixty days can not confer jurisdiction upon the court to hear the appeal.

J. S. GOLLADAY FOR APPELLANT.

The failure to file the transcript in a felony case within sixty days does not work an absolute forfeiture of the right to appeal; and certainly where the failure to file the transcript was due to the fact that the record was lost, the court should, after the expiration of sixty days, allow the transcript to be filed *nunc pro tunc.* (Civil Code, section 336, subsections 2 and 3.)

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLEE.

As the failure to file the transcript within the time prescribed was not due to the fault of the appellant or his attorney, no objection is now made to the filing.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Under an indictment for willfully burning a barn appellant was, at the July term, 1885, of the court, tried and convicted. And the motion for a new trial being overruled, an appeal was prayed, and by an order of court his bill of exceptions, duly signed, was, during the same term, filed and made part of the record. But the transcript of the record in the case was not lodged in the clerk's office of the Court of Appeals until March 27, 1886. And the question is thus presented, whether, under the Criminal Code, we have the power to now entertain the appeal.

Section 336 prescribes the time and manner in which an appeal in a felony case may be taken to this court, subsection 2 thereof being as follows: " When an appeal is prayed the court shall, if the defendant desire it, make an order that an execution of the judgment be suspended until the expiration of the period within which the defendant is required to lodge a transcript of the record in the clerk's office of the Court of Appeals. After the expiration of such period the judgment shall be executed, unless the defendant shall have filed in the clerk's office of the court rendering the judgment a certificate as provided in subsection 3 of this section, that the appeal has been taken, or a copy of an order of the Court of Appeals granting farther time to lodge the transcript."

Subsection 3 is as follows: "The appeal is taken by lodging in the clerk's office of the Court of Appeals, within sixty days after the judgment, a certified transcript of the record. The clerk of the Court of Appeals shall thereupon issue a certificate that an appeal has been taken, which shall suspend the execution of the judgment until the decision upon the appeal."

By subsection 4 it is provided that time may be given beyond the term at which the judgment is rendered to present a bill of exceptions, in which case the transcript of the record may be filed in the clerk's office of the Court of Appeals within sixty days after the bill of exceptions is made part of the record.

But the provision of subsection 4 does not apply

to this case, for the bill of exceptions was filed and made part of the record during the same term—July, 1885—the judgment was rendered.

It seems to us clear that, in order to give to the Court of Appeals jurisdiction in a felony case, a certified transcript of the record must be filed in the clerk's office within sixty days after the judgment, or, in a state of case provided for in subsection 4, within sixty days after the bill of exceptions is made part of the record, unless an order be made by the Court of Appeals granting further time to lodge the transcript.

It appears from an affidavit filed in this case that the bill of exceptions was in some way mislaid by the clerk of the lower court, and could not be found until the expiration of the time within which the transcript of the record was required by law to be lodged in the clerk's office of the Court of Appeals. But that fact need not have prejudiced the defendant. For, under subsection 2, the Court of Appeals had the power, by an order made within sixty days after the judgment, to grant further time to lodge the transcript. And if the loss of the bill of exceptions had been shown, and a motion had been made in proper time by him, the time would without doubt have been extended.

But no such order was made or applied for, and, consequently, this court can not take jurisdiction of the appeal without a palpable violation of the Criminal Code, and it is therefore dismissed.