# Gray v. Commonwealth.

APPEAL FROM BELL CIRCUIT COURT.

MOTION TO DISMISS GRANTED.

CRIMINAL LAW—APPEAL—TIME FOR FILING TRANSCRIPT.

Held:    Under Cr. Code Prac. section 336, the sixty days allowed
        for filing transcript of the record in the clerk's office of the
        court of appeals in a felony case runs from the date of the
        judgment, and not from the date of the filing of the bill of
        exceptions, unless the time for filing. bill of exceptions is ex-
        tended to a subsequent term; the extension of time for filing
        bill to a subsequent day in the same term at which the judg-
        ment was rendered not being sufficient to extend time for fil-
        ing transcript.

W. G. COLSON, FOR APPELLANT.    (No brief.)

ROBT. J. BRECKINRIDGE, FOR COMMONWEALTH.

        The appellee comes and moves the court to dismiss the appeal
    in the above named case, because a certified transcript of the
    record was not lodged in the clerk's  office of the court of ap-
    peals within sixty days after the judgment was rendered.   The
    judgment was rendered in the lower court, Nov. 7, 1901, and the
    transcript was lodged in the clerk's office of this court, January
    7, 1902.   Secs. 334 and 336 Criminal Code; Stratton v. Common-
    wealth, 84 Ky., 190; Adkins v. Commonwealth, 19 R., 1300.

OPINION OF THE COURT BY CHIEF JUSTICE GUFFY, GRANTING MO-
    TION TO DISMISS THE APPEAL.

    The appellee has entered a motion to dismiss this appeal
because the transcript was not filed in the clerk's office
of this court within 60 days from the rendition of the judg-
ment, and cites sections 334 and 336 of the Criminal Code
of Practice, and Stratton v. Com., 84 Ky., 190 (8 R., 77), 1 S.
W., 83), in support of his motion to dismiss.  It appears that
the judgment sentencing the appellant was entered on

the 7th day of November, 1901, and the transcript filed in the clerk's office of this court on the 7th of January, 1902, which was not within 60 days from the 7th of November, 1901; but it appears that at the time of the rendition of the judgment the appellant was given until the 30th day of the then term of the Bell circuit court to prepare, tender and file a bill of exceptions, which bill was filed on the 9th day of November, 1901, and the court entered an order suspending the judgment, and giving appellant 60 days to file the transcript in the clerk's office of this court. Section 334 of the Criminal Code of Practice provides: "The court of appeals shall have appellate jurisdiction in prosecutions for felonies, subject to the restrictions contained in this article." It is provided by section 336 that an appeal may be taken by defendant in the following manner only: "The appeal must be prayed during the term at which the judgment is rendered and the prayer noted on the record in the circuit court. The appeal shall be granted as a matter of right. (2) When an appeal is prayed, the court shall, if defendant desire it, make an order that the execution of the judgment be suspended until the expiration of the period within which the defendant is required to lodge a transcript of the record in the clerk's office of the court of appeals. After the expiration of such period, the judgment shall be executed unless the defendant shall have filed in the clerk's office of the court rendering the judgment, the certificate, as provided in subsection 3 of this section, that the appeal has been taken, or a copy of an order of the court of appeals granting further time to lodge the transcript. (3) The appeal is taken by lodging in the clerk's office of the court of appeals, within sixty days after the judgment, a certified transcript of the record. The clerk of the court of appeals shall

thereupon issue a certificate that an appeal has been taken, which shall suspend the execution of the judgment until the decision upon the appeal. (4) If time be given, beyond the term at which the judgment is rendered, to present a bill of exceptions, the transcript of the record may be filed in the clerk's office of the court of appeals within sixty days after the bill of exceptions is made a part of the record." In Stratton v. Com., 84 Ky., 190 (8 R., 77 S. W., 83), this court had under consideration the precise question involved in the case at bar, in which the court, after referring to the facts in that case, and discussing parts of section 336 of the Criminal Code, said: "By subsection 4, it is provided that time may be given beyond the term at which the judgment is rendered to present a bill of exceptions, in which case the transcript of the record may be filed in the clerk's office of the court of appeals within sixty days after the bill of exceptions is made part of the record. But the provision of subsection 4 does not apply to this case, for the bill of exceptions was filed and made part of the record during the same term (July, 1885) the judgment was rendered. It seems to us clear that, in order to give to the court of appeals jurisdiction in a felony case, a certified transcript of the record must be filed in the clerk's office within sixty days after the judgment, or, in a state of case provided for in subsection 4, within sixty days after the bill of exceptions is made a part of the record, unless an order be made by the court of appeals granting further time to lodge the transcript." Thus it seems that this court has expressly decided that, unless the transcript is filed in the clerk's office of this court within sixty days from the rendition of the judgment, no appeal can be entertained, except in cases where the time for filing the bill of exceptions has been extended

to a day in the next term of the court rendering the judg-
ment.

It therefore follows that the transcript was not filed as
required by law, and the motion to dismiss must be, and
is, sustained, and appeal dismissed.