**Edgar Clay MORROW, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 15, 1961.

W. W. Evans, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

STEWART, Judge.

Appellant, Edgar Clay Morrow, was indicted for armed robbery, pled guilty to ordinary robbery, and was sentenced to serve five years in the penitentiary. He appeals from the judgment.

The Commonwealth claims this Court is without jurisdiction to hear the appeal because appellant failed to comply with the requisites of Section 336 of the Criminal Code of Practice. Subsection 1 of this Code provision allows an appeal as a matter of right, but it must be prayed and the prayer noted of record in the circuit court during the term at which the judgment was rendered. Subsection 2 provides that the circuit court may by an order suspend the execution of the judgment during the period within which the defendant is required to lodge a transcript of the record in the clerk's office of the Court of Appeals. Subsection 3 requires that the appeal be taken by filing with the clerk of the Court of Appeals, within sixty days after the judgment, a certified transcript of the record. Subsection 4 reads:

"If time be given, beyond the term at which the judgment is rendered, to

present a bill of exceptions, the transcript of the record may be filed in the clerk's office of the Court of Appeals, within sixty days after the bill of exceptions is made a part of the record."

On August 25, 1959, appellant pled guilty to robbery and the court fixed his punishment as above mentioned. On the same day he moved the court to withhold rendition of the judgment and it passed the motion to October 1, 1959. This motion was passed several times until, on August 29, 1960, it was overruled and judgment was entered.

On August 31, 1960, appellant filed his motion for a new trial, which motion was overruled on December 19, 1960. On that date the court granted an appeal to the Court of Appeals and allowed 60 days within which he could file his bill of exceptions.

On February 14, 1961, appellant again asked for 60 additional days in which to file his bill of exceptions. This motion, according to the record, was never ruled on. Appellant filed his bill of exceptions on March 29, 1961, and filed the transcript of the record with the Court of Appeals on April 21, 1961.

 Obviously, appellant should have filed his transcript of the record with this Court on or before February 17, 1961, which was 60 days after rendition of the judgment. Still, it might be contended that under subsection 4 of Section 336 of the Criminal Code of Practice, he had sixty days from the date the bill of exceptions was made a part of the record in which to file the transcript of the record with the clerk of this Court. This right, however, only prevails where there is an extension of time given for filing the bill of exceptions beyond the term at which the judgment was rendered. As no such extension was granted it was appellant's mandatory duty to have the transcript of the record filed in this Court within 60 days next succeeding the entry of the judgment, and not having done so, the provision contained in subsection 4 cannot be invoked. See also KRS 451.150.

 Smith v. Commonwealth, 146 Ky. 751, 143 S.W. 381, dealt with a situation somewhat analogous to the one now before us and inasmuch as this Court held in that case the appeal had not been perfected and ruled this Court had no jurisdiction, that case governs.

Wherefore, the appeal is dismissed.