## Commonwealth v. Lee.

(Decided September 19, 1913).

### Appeal from Hickman Circuit Court.

1. Appeal—Appeal in Felony Case—Filing of Transcript—Jurisdiction.—Section 337, Criminal Code of Practice provides: that, in order to enable the Commonwealth to take an appeal to the Court of Appeals from a decision or judgment of the circuit court, in a felony case, the transcript of the record must be lodged in the clerk's office of the Court of Appeals, "within sixty days after the decision." This provision of the Code being mandatory, if the transcript be not filed in the clerk's office of the Court of Appeals within the required sixty days, the Court of Appeals will be without jurisdiction to entertain the appeal.

2. Appeal—Filing of Transcript—Jurisdiction.—Where the decision was rendered and appeal prayed and granted May 22, 1913, and the transcript was not filed in the clerk's office of the Court of Appeals, until July 21, 1913, the latter court is without jurisdiction of the appeal, for, as the day upon which the decision was rendered is to be counted one of the sixty days, the limit of time for filing the transcript in the clerk's office of the Court of Appeals expired on the day before the transcript was filed therein.

3.  Appeal—Filing of Transcript—Computation of Time.—It is a well recognized rule of law that, where the computation is to be made from the act done, then the day upon which it is done must be included.

JAMES GARNETT, Attorney General, D. O. MYATT, Assistant Attorney General, R. L. SMITH and J. D. VIA for appellant.

ROBBINS & ROBBINS and JOE W. BENTON for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Dismissing appeal.

Appellee was tried and acquitted in the court below under an indictment charging him with the crime of house burning.  The verdict of acquittal resulted from the giving, by the court, of a peremptory instruction directing the jury so to find.  The Commonwealth, complaining of the giving of the peremptory instruction and judgment of acquittal, has appealed, and appellee has entered in this court a motion to dismiss the appeal.

The dismissal of the appeal is asked upon the ground that the transcript of the record was not filed in the office of the clerk of this court within sixty days after the trial court's judgment was rendered, as required by section 337 of the Criminal Code,  The acquittal of appellee, and judgment of the court discharging him by virtue of the verdict to that effect, occurred and was entered May 22, 1913, and on the same day the Commonwealth prayed, and was granted, an appeal.  Transcript of the record, however, was not lodged in the clerk's office of this court until July 21, 1913, sixty-one days after the rendition of the judgment.

Obviously, if the day upon which the judgment was entered should be included in the computation of time, the motion to dismiss must prevail.  It has repeatedly been held by this court that, where the computation is to be made from the act done, then the day on which it is done must be included.  Chiles v. Smith, 13 B. Mon., 461; Handley v. Cunningham, 12 Bush, 401; Louisville Railway Co. v. Wellington, 137 Ky., 719.

In the case last cited (Louisville Railway Co. v. Wellington) the motion for a new trial was overruled on March 13, 1909, and appellant was given sixty days within which to file its bill of exceptions.  The bill of exceptions was filed May 12, 1909, sixty-one days later.  Section 1016, Kentucky Statutes, provides that, within sixty days after the judgment becomes final the party

excepting shall, unless further time be given him, prepare and file his bill of exceptions. In the opinion, the court, re-affirming the rule laid down in Chiles v. Smith, said:

"The rule in regard to the computation of time seems to be that, when the computation is to be made from an act done, the day in which the act was done must be included, because, since there is no fraction in a day, the act relates to the first moment of the day in which it was done. But when the computation is to be from the day itself, and not from the act done, then the day in which the act was done must be excluded. * * *

"In the case before us the computation is to be made, not from the day itself, but from the act done. The act done was the overruling of the motion for a new trial. The bill of exceptions could have been filed that day; therefore, that day should be counted. Counting March 13th, the day on which the motion for a new trial was overruled, the bill of exceptions was not filed until the sixty-first day; therefore, it was not filed in time. Not having been filed in time, it cannot be considered by this court."

Section 337 of the Criminal Code provides:

"If an appeal on behalf of the Commonwealth be desired, the Commonwealth's attorney shall pray the appeal during the term at which the decision is rendered, whereupon the clerk shall immediately make a transcript of the record and transmit the same to the Attorney General, or deliver the transcript to the Commonwealth's attorney, to be transmitted by him. If the Attorney General, on inspecting the record, be satisfied that error has been committed to the prejudice of the Commonwealth, upon which it is important to the correct and uniform administration of the criminal law that the Court of Appeals should decide, he may, by lodging the transcript in the clerk's office of the Court of Appeals, within sixty days after the decision, take the appeal."

To give this court jurisdiction of an appeal, taken by the Commonwealth in a felony case, a transcript of the record must be filed in the clerk's office of the Court of Appeals within sixty days after the decision or judgment is rendered, which was not done in this case. Commonwealth v. Schlitzbaum, 25 R., 1022; Adkins v. Commonwealth, 102 Ky., 94; Commonwealth v. Barbour, 94 S. W., 634. The fact that the Commonwealth can, as a matter of right, take an appeal from a ruling or judg-

ment of the circuit court does not authorize it to disregard the provisions of the Criminal Code with reference to the manner of taking the appeal; and such right of appeal is conditioned upon its complying with the provisions of the Code, which regulate how the appeal shall be taken; otherwise, the court will be without jurisdiction to entertain the appeal, for section 334 of the Criminal Code provides:

"The Court of Appeals shall have appellate jurisdiction in prosecutions for felonies, subject to the restrictions contained in this article."

We have repeatedly held that the various sections of the Criminal Code, allowing and regulating appeals, are mandatory, and that their provisions cannot be dispensed with, even by agreement of parties. Metcalfe v. Commonwealth, 84 Ky., 485; Stratton v. Commonwealth, 84 Ky., 190; Gray v. Commonwealth, 112 Ky., 542; Adkins v. Commonwealth, 102 Ky., 94.

In Smith v. Commonwealth, 146 Ky., 751, we dismissed the appeal because of the failure of the appellant, Smith, to file, as required by section 336, Criminal Code, (applying to appeals taken by the defendant in felony cases) a transcript of the record in the clerk's office of this court within sixty days after the trial court's judgment was rendered; and further, that the provisions of section 336 being mandatory, if, as claimed by appellant, his failure to file the transcript within the required sixty days after judgment was because of the inability of the clerk of the circuit court to copy the record within that time, appellant's remedy was to ask of this court an extension of time beyond the sixty days for filing the transcript, which he did not do.

In the instant case, the Commonwealth did not ask of this court an extension of time for filing the transcript of the record in the office of the clerk thereof, and, as it was not filed within the sixty days next after the rendering of the decision or judgment, attempted to be appealed from, we are without jurisdiction to entertain the appeal. Therefore, appellee's motion is sustained, and the appeal is hereby dismissed.