## Logan County, et al. v. McCarley, et al.

(Decided May 18, 1920.)

### Appeal from Logan Circuit Court.

1. Time—Rule of Computation.—Where the computation of time is to be made from the act done, the day on which the act is done must be included, but if it is to be made from the day itself, the day must be excluded.

2. Appeal and Error—Roads—Appeal to Circuit Court—Time—Computation—Construction of Statute.—Section 4303, Kentucky Statutes, 1909, provides that no appeal shall lie to the Court of Appeals from the decision of a county court ordering a new road to be opened, etc., but in all such cases the party aggrieved may prosecute an appeal within sixty days by executing bond as required in other cases to the circuit court of the county; the time should be counted from the rendition of the judgment or the act done, and the day on which the judgment was rendered should be included: Hence, an appeal to the circuit court on January 4, 1918, from a judgment rendered on November 5, 1917, opening a new road, was not prosecuted in time, and was properly dismissed.

S. R. CREWDSON and HOBSON & HOBSON for appellants.

E. C. TAYLOR, SIMS, RODES & SIMS and R. W. DAVIS for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

B. B. McCarley and others filed a petition in the Logan county court asking that a new road be opened. On November 5, 1917, a judgment was rendered, opening the road in accordance with the prayer of the petition. From this judgment Logan county prosecuted an appeal to the Logan circuit court on January 4, 1918. On February 18, 1918, Mrs. Helen Kochum filed her petition in the Logan circuit court, asking that she be made a party to the proceeding. The appeal to the circuit court was dismissed on the ground that it was not filed in time. Logan county and Mrs. Kochum appeal.

The time within which an appeal must be prosecuted is controlled by section 4303, Kentucky Statutes, 1909, Gratzer v. Gertisen, 181 Ky. 626, 205 S. W. 782, which section is as follows:

"No appeal shall lie to the Court of Appeals from the decision of a county court ordering a new road to be

opened, or refusing such order, or ordering an altera-
tion in a road, or refusing the same, or discontinuing a
road, or refusing such discontinuance, allowing gates to
be erected across a road, or refusing to allow the same, or
abolishing such gates.  But in all such cases the party
aggrieved may prosecute an appeal within sixty days by
executing bond as required in other cases to the circuit
court of the county, and the appeal shall be tried *de
novo;* and from the decision of the circuit court either
party may prosecute an appeal to the Court of Appeals,
and the latter court shall have jurisdiction only of mat-
ters of law arising on the record of such cases.''

As the judgment was rendered on November 5, 1917,
and the appeal was not taken until January 4, 1918, it
follows that the appeal was prosecuted within sixty days,
if the day on which the judgment was rendered is to be
excluded, but was not prosecuted within sixty days, if
that day is to be included.  The rule in regard to the
computation of time is as follows:  Where the computa-
tion is to be made from the act done, the day on which
the act is done must be included, but if it is to be made
from the day itself, the day must be excluded. Meridian
Life Ins. Co. v. Milam, 172 Ky. 75, 188 S. W. 879, L. R. A.
1917B, 103.

Counsel for appellants insist that as the statute is
silent as to the time from which the sixty days shall be
counted, there is no more reason to insert after the
words, ''sixty days,'' the words, ''from the rendition of
the judgment,'' than there is to insert the words, ''from
the day the judgment is rendered.''  That being true, it
is argued that neither set of words should be supplied,
but that the language actually used by the legislature
should be construed according to the rules of construc-
tion established by the authorities, and that, under that
rule, where an act is to be done within a certain time,
without saying more the time should be computed from
the date, and the day of the date excluded. In support
of this position the case of Blake v. Crowninshield, 9
N. H. 304, is relied on.  In that case there was a con-
tract by which Blake agreed to purchase from John and
Richard Crowninshield 3,000 acres of land.  The con-
tract provided that Blake was to go on the land and
make his own inquiries respecting the situation, so as
to satisfy himself respecting the title.  After that, the
Crowninshields were to be held free from any further

claim of any kind. The contract further provided, "Mr. Blake is to have three months to satisfy himself, and after that time, this agreement is to be null and void." The contract was dated April 8, 1835. On July 8, 1835, Blake tendered the purchase price and demanded a deed to the land, which the Crowninshields declined to execute. Suit followed and the trial court held that the tender and demand were not made in time. On appeal the judgment was reversed, the court saying:

"By the agreement under consideration, the plaintiff was to have three months to satisfy himself; and after that time the agreement was to be null and void. But it is not expressed to be in three months from the act done of contracting or signing, or in three months from the date or day of the date. What then is to be the construction given to the language of the contract in this particular? We think the more natural and obvious construction is to refer to the date of the contract; as if it had been said, the plaintiff is to have three months from the date. Notes and obligations are usually so written, containing promises to pay in thirty or sixty days; which is well understood to refer to the date of the instrument as the time from which computation is to be made." It will thus be seen that the court in that case did insert the words, "from date," on the ground that this was the more reasonable and obvious construction. It seems to us that this conclusion was manifestly proper, in view of the fact that the contract itself was dated, and there was no other time from which the computation could be made. In the present case we have a statute regulating the right of appeal from the decision of the county court in road cases, and prescribing the time within which the appeal shall be prosecuted. Since the statute is silent as to the time when the computation shall begin, it is necessary to supply that time by construction. To this end we must insert either the words, "from the rendition of the judgment," or the words, "from the day the judgment is rendered." There is nothing in the statute to authorize the latter construction. There is no reference to the day of the judgment. It deals only with the judgment itself. The appeal is from the judgment. It may be prosecuted as soon as the judgment is rendered. We therefore conclude that the rendition of the judgment is the only period to which the legislature could have referred. Since the time is to

be counted from the rendition of the judgment, and therefore from an act done, it follows that the day on which the judgment was rendered should be counted. That being true, the appeal to the circuit court was not prosecuted in time.

Judgment affirmed.