## Verda Harlan Coal Company et al. v. Harlan National Bank.

(Decided May 17, 1929.)

566

V. C. McDONALD for appellants.

G. J. JARVIS and G. G. RAWLINGS for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

On November 5, 1926, Jas. Lawson received injuries which resulted in his death while working for J. P. Alred in a mine operated by the latter in Harlan county. The mine was owned by the Verda Harlan Coal Company and was being operated by Alred under an arrangement with the coal company, the exact nature of which is not disclosed by the record. The Harlan National Bank qualified as guardian for Frances Lawson, the infant daughter of James Lawson, and it filed a claim with the Workmen's Compensation Board. Mrs. Rassie Lawson, who claimed to be the widow of James Lawson, also filed a claim.

Upon a hearing before the Workmen's Compensation Board an award was entered on September 6, 1927, in favor of the Harlan National Bank, guardian of Frances Lawson, for the amount of $4,000 against the Harlan Coal Company, and the claim of Mrs. Rassie Lawson was dismissed on the ground that she was not the wife of James Lawson at the time of the accident which caused his death. At the hearing before the board it was shown that James Lawson had procured a divorce from Rassie Lawson in the Harlan circuit court a few months before his death. Mrs. Rassie Lawson filed a petition for review in the Harlan circuit court, and that court adjudged that the judgment which granted James Lawson a divorce from Rassie Lawson was void and returned the case to the Workmen's Compensation Board with directions to divide the award between the widow and infant daughter of James Lawson. On February 7, 1928, the board entered another award in which it

awarded compensation to Frances Lawson and to Mrs. Rassie Lawson in the sum of $2,000 each, payable in weekly installments. This award was also entered against the Harlan Coal Company, which was not a party to the action. The board discovered its error, and on February 18, 1928, it set aside the award and the case was reassigned for hearing upon its merits.

Considerable proof was heard upon the question as to whether or not James Lawson had accepted the provisions of the Workmen's Compensation Act after being employed by J. P. Alred. On May 15, 1928, the board entered an order dismissing the case on the ground that J. P. Alred had leased the coal mine of the Verda Harlan Coal Company and was operating it at the time of the accident to James Lawson, and that Lawson had not signed the compensation register after he was employed by Alred. Although the hearing had been held before the full board, a motion was made for a full board review of the order entered on May 15, and on June 5, 1928, the board entered an order sustaining the order of May 15. On June 4, 1928, the Harlan National Bank, guardian of Frances Lawson, filed a petition for review in the Harlan circuit court seeking to set aside the award of the board entered on May 15, 1928.

It is stated in briefs of counsel that Mrs. Rassie Lawson filed a petition for review in the Harlan circuit court on June 25, 1928, seeking to set aside the order entered on June 5, 1928. There is nothing in the record to indicate that such a petition for review was filed, but that is immaterial, since the order of May 15 was the one from which an appeal should have been taken as it was upon a hearing before the full board, and, furthermore, in each instance the same number of days elapsed after the entry of the order and before the petition for review was filed.

The Workmen's Compensation Board, the Verda Harlan Coal Company, and J. P. Alred filed a motion in the circuit court to dismiss the petition for review because not filed within the time provided by statute. The motion was overruled, and a judgment entered setting aside the ruling of the board and adjudging that each of the claimants recover the sum of $2,000, and from that judgment this appeal is prosecuted.

Appellants are insisting that the appeal from the order of the Workmen's Compensation Board to the circuit court was not taken in time, and that the circuit court erred in overruling their motion to dismiss the peti-

tion for review. We think their contention is sound, and it will therefore be unnecessary to consider the other questions discussed in the briefs.

Section 4935, Kentucky Statutes, reads in part: "An award or order of the board as provided in section 4933, if application for review be not filed as therein provided, or an award or order of the board upon review as provided in section 4934, shall be conclusive and binding as to all questions of fact, but either party may, within twenty days after the rendition of such final order or award of the board, by petition appeal to the circuit court that would have jurisdiction to try an action for damages for said injuries if this act had not passed, for the review of such order or award, the board and the adverse party being made respondents. Such petition shall state fully the grounds upon which a review is sought, assign all errors relied on and shall be verified by the petitioner, who shall furnish copies of the petition to the respondents at the time of filing same."

Under the above statute the appeal in this case was filed too late. The order was entered on May 15, 1928, and the petition for review was filed on June 4. Or if the last award is treated as valid it was entered on June 5, 1928, and the petition for review was filed on June 25. In each instance the petition was filed on the 21st day and not within 20 days after the rendition of the award. It is our rule of practice that when computation of time is to be reckoned from an act or event the day of the act or event is to be included in the reckoning; but if the computation of time is to made from a specific day and not from the occurrence of an event on that day, then the first day must be excluded. Here the computation is to be made, not from the day itself, but from the act done. The act done was the rendition of the final order or award of the Compensation Board. The party aggrieved could have filed a petition for review on the same day that the final award was rendered, and it would not have been premature provided it had in fact been filed after the rendition of the award. Expressions in other sections of the statute and Code similar to the one under consideration have been uniformly construed as requiring the inclusion of the day on which the act is done in computing time within which some other act must be done, as a reference to the following cases will disclose: Black v. National Bank of Kentucky, 226 Ky. 152, 10 S. W. (2d) 629; Freeman v. Craft, 220 Ky. 15, 294 S. W.

822; Lena Rue Coal Co. v. Brewer, 213 Ky. 327, 280 S. W. 1097; Whitt v. Howard, 210 Ky. 215, 275 S. W. 794; Tackett v. Mayo, 210 Ky. 299, 275 S. W. 866; Bass v. Commonwealth, 200 Ky. 230, 254 S. W. 747; Logan County v. McCarley, 188 Ky. 705, 223 S. W. 1094; McKinster v. Shaffer, 186 Ky. 598, 217 S. W. 676; Roberts Cotton Oil Co. v. Dodds & Johnston, 163 Ky. 695, 174 S. W. 485; Price v. Russell, 154 Ky. 824, 159 S. W. 573; Commonwealth v. Lee, 154 Ky. 717, 159 S. W. 522; Lowry v. Stotts, 138 Ky. 251, 127 S. W. 789; Geneva Cooperage Co. v. Brown, 124 Ky. 16, 98 S. W. 279, 30 Ky. Law Rep. 272, 124 Am. St. Rep. 388; Mooar v. Covington City National Bank, 80 Ky. 305, 3 Ky. Law Rep. 674.

Wherefore the judgment is reversed, with directions to dismiss appellees' petition for review.