## Salisbury v. Commonwealth.

(Decided April 27, 1934.)

78

JOHN ALLEN and EDWARD L. ALLEN for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Dismissing appeal.

On November 7, 1928, appellant shot and killed F. E. Stanley. On September 30, 1929, he was tried under an indictment for murder, was found guilty of manslaughter, and his punishment fixed at 21 years in the penitentiary.

His motion and grounds for a new trial were overruled and he was given to and including the last day of the next term to file his bill of exceptions. On January 4, 1930, he appeared by counsel and tendered his bill of exceptions, but as appellant had escaped from custody the court refused for the time to act on it. Later appellant was retaken, and on September 25, 1933 (the 268th day of the year), the bill of exceptions was examined, approved, signed, filed, and made a part of the record.

To give this court jurisdiction of his appeal, appellant had to file a transcript of the record in the office of the clerk of this court, within 60 days after the bill of exceptions was made a part of the record; subsection 4, sec. 336 of Criminal Code of Practice. Transcript was filed in office of the clerk of this court on November 24, 1933, the 328th day of the year.

### Was That Within 60 Days?

We have answered that question adversely to appellant several times.

In Com. v. Lee, 154 Ky. 717, 159 S. W. 522, transcript, filed July 21, 1913, was held not to have been filed within 60 days from Lee's acquittal, which occurred May 22, 1913.

In Freeman v. Craft, 220 Ky. 15, 294 S. W. 822, claims filed on November 26, 1924, were held not to have

been filed within 60 days from the beginning of the receivership, which began on September 27, 1924.

In Logan County v. McCarley, 188 Ky. 705, 223 S. W. 1094, it was held an appeal taken January 4, 1918, was not taken taken within 60 days from the entry of the judgment, which was entered November 4, 1917.

In Moore et al. v. Suerd, 8 Ky. Opin. 485, an appeal taken May 23, 1874, was held to have not been taken within 60 days, from the entry of judgment, which was entered on March 24, 1874.

In Louisville Ry. Co. v. Wellington, 137 Ky. 719, 126 S. W. 370, 128 S. W. 1077, it was held that a bill of exceptions filed May 12, 1909, had not been filed within 60 days from the overruling of motion and grounds for new trial, which took place March 13, 1909.

For construction of the expression "within 30 days," see Edwards v. Logan, 69 S. W. 800, 24 Ky. Law Rep. 678; Newton v. Ogden, 126 Ky. 101, 102 S. W. 865, 31 Ky. Law Rep. 549. Within 10 days is construed in Lowry et al. v. Stotts et al., 138 Ky. 251, 127 S. W. 789. Within 5 days is construed in Marcum v. Melton, 231 Ky. 244, 21 S. W. (2d) 291. Within 3 days has been frequently construed. See Porterfield v. O'Leary, 245 Ky. 410, 53 S. W. (2d) 730, and cases listed under section 342 of the Civil Code of Practice, and 18 Ky. Digest, "Time."

## How Time is Computed.

Where the computation is to be made from an act done, the day on which the act was done must be included in the count. Where the computation is made from the day itself, then the day must be excluded from the count. Chiles v. Smith's Heirs, 52 Ky. (13 B. Mon.) 461; Marcum v. Melton, 231 Ky. 244, 21 S. W. (2d) 291; 62 C. J. p. 988, sec. 35.

## When Shall We Count from the Act and When from the Day?

We usually count from the act when there has been an act done, which some one wants either to undo, or else to take some step that will either directly or indirectly affect that act, be affected by it, or is in some manner dependent on it and a reference to the Kentucky opinions listed under footnote 25 on page 988 of

62 C. J. will show how steadfastly this court has adhered to that rule. The reason for this rule is that as soon as an act is done, any one affected by it can immediately and on that very day take such steps as he desires to take.

When the trial court overruled the appellant's motion and grounds for a new trial, and that term of court came to an end, the judgment became final, and the only relief thereafter obtainable from any court is such as this court may award him upon appeal, and the only way he can give this court jurisdiction, if further time be not given, is by filing transcript of the record with the clerk of this court within 60 days as provided in section 336 of the Criminal Code of Practice.

That expression means that a period of 60 days must cover and include everything that is done in an effort to give this court jurisdiction if further time be not given. The time given (60 days) must in this case (no extension of time having been given) not only include the day of the filing of the transcript in this court (November 24, 1933), but must also include the day on which his bill of exception was made a part of the record (September 25, 1933).

We have not overlooked the provisions of section 3720b-86, Ky. Stats., relative to computation of time "after date," "after sight," or "after a specified event," the provisions of section 453 Ky. Stats., relative to the computation of time before a motion or proceeding is made or begun, or the provisions of section 681 of the Kentucky Code of Practice in Civil Cases, relative to the computation of time between acts. We have none of those questions now before us. Our question is the correct computation of time inclusive of two acts. We are simply determining the meaning of the expression, "within 60 days," as used in section 336 of the Kentucky Code of Practice in Criminal Cases, and we are simply holding that September 25, 1933, is not within 60 days of November 24, 1933, because the span of 60 days cannot, and to give jurisdiction to this court must, include them both.

This rule for computing time was announced by this court in 1853, in Chiles v. Smith's Heirs, 52 Ky. (13 B. Mon.) 460, and it has since been followed consistently. Lebus v. Wayne-Ratterman Co. (1893) 21 S. W. 652, 14 Ky. Law Rep. 794, and Com. v. Shelton (1896) 99 Ky.

120, 35 S. W. 128, 18 Ky. Law Rep. 30, do not announce a contrary doctrine.

In the first case, a mortgage to Lebus recorded on September 22, 1886, was attacked as preferential on March 22, 1887, and it was held the day of the recording must be included in the count and the attack had not been begun within six months thereafter.

In the second, a local option election had on March 26, 1894, was held to have not been had earlier than sixty days after January 25, 1894, and that January 25th should be included in the count. In each of these cases there was a specific act from which to begin the count and the days of those acts were correctly included in the computation. Pyle v. Maulding (1832) 30 Ky. (7 J. J. Marsh.) 202, and Miller et al. v. Henshaw & Co. (1836) 34 Ky. (4 Dana) 325, are not in harmony with this rule, but they have been frequently impliedly overruled by contrary opinions since rendered, and are now expressly overruled.

## Counting From the Day.

We usually count from the day when there is some act that might, could, or should have been done on that day, but was not done. Cases involving computation from the day are very scarce in Kentucky, but a most instructive one is Ford, Eaton & Co. v. Smith, 13 Ky. Law Rep. 779. We have examined that record.

On March 6, 1889, Ford, Eaton & Co. attached the goods and chattels of Wm. Smith, and on May 30, 1889, the 150th day of the year, his landlord Elizabeth Smith had a distress warrant, for $120 rent that became due her March 1; 1889, the 60th day of the year, issued and levied upon them. By the terms of our law then, see section 12, c. 66, Gen. St. (1888), a landlord's distress for rent if sued out within 90 days from the time the rent was due, created a lien superior to the lien of the attaching creditor. William Smith allowed everything to go by default, but there was a sharp issue between Elizabeth Smith and Ford, Eaton & Co., regarding the priority of their respective liens. Elizabeth Smith prevailed both in the trial court and on appeal. Ford, Eaton & Co. questioned the regularity of the issue of this distress warrant, which does not concern us, also the timeliness of its issue, which does, and the court held:

"On March first the rent became due, but the tenant had the whole of that day in which to pay it. Therefore the first day which can be counted is the second of March and the ninetieth day would fall on the 30th of May. If the contract had been that the rent was to be paid before twelve o'clock noon of the first of March, the contention that that day should be counted would be plausible; for in that case the landlord might distrain after twelve o'clock."

Wm. Smith should have paid his rent March 1st, he did not, but as he had all that day in which to do so, his landlord was powerless to take any step on that day; hence it was not counted as a part of the 90 days.

The appellant was not powerless on September 25, 1933, and just as soon as the judge signed his bill of exceptions and made it a part of the record if appellant had had the transcript of the record ready (he had had over three and a half years to get it ready), he could have immediately brought or sent it to Frankfort and filed it here on that very day, and as he could have used that day, and did not, it was his own fault and it must be included and counted as one of the 60 days allowed him.

### Exception in the Case of the Governor.

For fear some one may think we have overlooked them, we will refer to the cases of Lewis, Sec'ty of State, v. Cozine et al., 234 Ky. 781, 29 S. W. (2d) 34, and Cammack, Atty. Gen., v. Harris, 234 Ky. 846, 29 S. W. (2d) 567, which followed the Cozine Case. We were there construing section 88 of the Ky. Const., and we followed and were influenced by section 21, p. 747, of 26 R. C. L., and other authorities dealing with construction of the Federal Consttution and the Constitutions of other states, and we were careful to point out that we were not changing the rule as to computation of time under our statutes and Codes by the use of this language:

"Appellants contend that the rule is settled in Kentucky as applying to statutory and code provisions and, in certain instances, to private contracts, and that therefore it should be applied to the provision of the Constitution here involved. The rule of construction as applied to statutes is well settled in

this jurisdiction and should not be changed except by legislative enactment."

We have shown appellant did not file a transcript of this record within the 60 days allowed him, and which he had to do to give this court jurisdiction, and for lack thereof this appeal is dismissed.