## Ledington v. Commonwealth.

(Decided Dec. 7, 1934.)

RAY C. LEWIS and S. V. LITTLE for appellant.

BAILEY P. WOOTTON, Attorney General, and RAY L. MURPHY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Dismissing appeal.

Appellant with two others, was tried in the Laurel circuit court March 2, 1934, on an indictment charging:

the breaking into a storehouse with intent to steal. A jury found Ledington guilty and fixed his punishment at one year in the penitentiary. His motion for a new trial was overruled and judgment entered. He appeals.

The court sustained a motion granting appellant time, until the fifteenth day of the next succeeding term of court, to prepare and file his bill of exceptions. On June 13, 1934, the bill of exceptions was tendered, approved by the court and filed. The transcript of record was indorsed "filed" in the clerk's office of this court August 14, 1934, which, according to the opinion of this court in Salisbury v. Com., 254 Ky. 77, 70 S. W. (2d) 987, was two days late, and counsel for the commonwealth has moved to dismiss the appeal for this reason.

Counsel for appellant by way of affidavit makes it appear that the transcript was placed in the mail at London, Ky., at 10 a. m., on August 10th, and takes the position that it should have reached the clerk's office on the 11th of August, and that, had it so reached the office, the filing would have been within the time required by section 336 of the Criminal Code of Practice. In this conclusion he is correct. However, the filing of the record in the clerk's office within the time fixed by the section above mentioned is mandatory, and applying section 334 of the Criminal Code, it is clear that the court is without jurisdiction to review the lower court's judgment.

In Smith v. Com., 146 Ky. 751, 143 S. W. 381, this court held as above indicated, notwithstanding it was apparent the failure to file in time was due to the inability of the clerk to copy the transcript.

However, due to the fact that counsel for appellant not only made perhaps the best showing possible in resisting the motion to dismiss, but is insistent, as is evidenced by his brief on the merits that the judgment should be reversed, the court has taken the time to review the entire record in the light of the contentions urged by counsel, and we express the opinion that none of the errors complained of deprived appellant of any substantial rights, and a consideration on appeal would have justified no action other than affirmance of the judgment below.

Appeal dismissed.