## Tuttle v. Commonwealth.

(Decided Dec. 21, 1934.)

RAY C. LEWIS and S. V. LITTLE for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Dismissing appeal.

The appellant was indicted and convicted in the Laurel circuit court on a charge of detaining a woman

against her will, and from a judgment fixing his punishment at two years' confinement in the penitentiary he appeals.

An examination of the record discloses that the bill of exceptions was approved on June 11, 1934, and the records of the clerk of the Court of Appeals show that the transcript was filed in his office on August 14, 1934, which made the filing two days late under the requirements of section 336, Criminal Code of Practice, according to the opinion of this court in Salisbury v. Com., 254 Ky. 77, 70 S. W. (2d) 987, and as adhered to in Ledington v. Com., 256 Ky. 678, — S. W. (2d) —, in which cases are cited giving sound reasons for the application of the Code rule.

Counsel for appellant vigorously insists that by section 110 of the Constitution, read in connection with section 949, Ky. St. Carroll's 1930, the Court of Appeals has power to make a rule which would annul the intent, purpose, and plain meaning of the section of the Code, supra. It will be noted that the section of the statute mentioned permits the court to adopt such rules only as are "consistent with law"; hence the court is without power to set aside the Code provision by the adoption of an inconsistent rule.

As was done in the Ledington Case, supra, the court has reviewed the alleged errors of which counsel complains, and finds none which prejudiced in any way the rights of the appellant.

On authority of the cases above cited, this appeal must necessarily be, and is, dismissed.