## Williams et al. v. Commonwealth.

(Decided Nov. 22, 1938.)

E. J. PICKLESIMER and W. A. DAUGHERTY for appellants.

HUBERT MEREDITH, Attorney General, and WM. F. NEILL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Appellants, Bye and Sid Williams, were accused of

the crime of maliciously striking and wounding another with intent to kill. Section 1166 of the Statutes. Their punishment was fixed by the jury at confinement in the Reformatory for two years. From the judgments on the verdict appellants appeal.

Appellants filed only a part of the transcript of the record of their trial with the Clerk of the Court of Appeals within the 60 day period allowed. No extension of time was requested. Section 336, subsection 4, of the Criminal Code of Practice provides:

> "If time be given, beyond the term at which the judgment is rendered, to present a bill of exceptions, the transcript of the record may be filed in the clerk's office of the Court of Appeals, within sixty days after the bill of exceptions is made a part of the record."

The bill of exceptions, which was filed with the Clerk more than three weeks after the 60 day period had expired, included the exceptions, the transcript of the evidence and the instructions to the jury. The Commonwealth moved that the court strike from the record the bill of exceptions because it was filed with the Clerk of the Court of Appeals more than 60 days after it was filed in the circuit court. Appellants insist that the filing of a part of the transcript of the record of their trial within the period allowed satisfies the Criminal Code of Practice provision, supra. This Court has frequently held otherwise in similar cases. Adkins v. Commonwealth, 102 Ky. 94, 42 S. W. 834, 44 S. W. 132, 19 Ky. Law Rep. 1300; Wood v. Commonwealth, 11 Bush 220; Ledington v. Commonwealth, 256 Ky. 678, 76 S. W. (2d) 910; Salisbury v. Commonwealth, 254 Ky. 77, 70 S. W. (2d) 987. See, also, Rockcastle County v. Bowman, 274 Ky. 787, 120 S. W. (2d) 385, for a discussion concerning the filing of bills of exceptions.

The case of Cline v. Cline, 198 Ky. 585, 249 S. W. 348, relied upon by appellants in answer to the Commonwealth's motion to strike from the record the bill of exceptions, was a case involving a situation materially different from that in the case at bar. In the Cline Case the Court pointed out that the fact that the rights of infants were involved was taken into consideration in allowing the amended transcript to be filed after the time required for filing the transcript had passed. Therefore, the motion of the Commonwealth

to strike from the record the bill of exceptions is sustained.

There appearing to be no errors in the proceeding as evidenced by the part of the transcript before us, and the appellants having complained of no such errors, we must conclude that the judgments of the lower court should be affirmed. However, we have examined the part of the transcript filed August 12, 1938, and had it been filed in the proper time, our decision would be the same. The instructions given by the court were substantially correct, and the substantial rights of appellants were not prejudiced by them. The evidence was amply sufficient to sustain the verdict of the jury.

Judgment affirmed.