## Pinion v. Commonwealth.

(Decided Nov. 22, 1938.)

E. J. PICKLESIMER for appellant.

HUBERT MEREDITH, Attorney General, and WM. F. NEILL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Appellant, Berlin Pinion, was accused of the crime of maliciously striking and wounding with intent to kill. Section 1166 of the Statutes. His punishment was fixed by the jury at confinement in the Reformatory for two years. From the judgment on the verdict Pinion appeals.

Appellant filed only a part of the transcript of the record of his trial with the Clerk of the Court of Appeals within the 60 day period allowed under section 336, subsection 4, of the Criminal Code of Practice. The bill of exceptions, including the exceptions, the transcript of evidence and the instructions to the jury, was filed with the Clerk more than two months after the expiration of the 60 day period required under the section of the Criminal Code of Practice, supra. No extension of time was requested. The Commonwealth moved that the Court dismiss the appeal because the bill of exceptions and evidence was not filed within the required time. This motion should be, and is, overruled, because the Court will consider the appeal on the basis of the part of the transcript filed within the required time. A motion to strike the bill of exceptions would have been sustained, as was this day sustained in the case of Bye and Sid Williams v. Commonwealth, 275 Ky. 497, 122 S. W. (2d) 109. See authorities cited therein.

The bill of exceptions and evidence having been filed after the expiration of the time required for such filing, we will consider only that part of the transcript filed within the required time.

There appearing to be no errors in the proceeding as evidenced by the part of the transcript before us, and the appellant having complained of no such errors, we must conclude that the judgment of the lower court should be upheld. However, we have examined the part of the transcript filed June 28, 1938, and, had it been filed in the proper time, our decision would be the same. The instructions given by the court were substantially correct, and the substantial rights of appellant were not prejudiced by them. The evidence was sufficient to sustain the verdict of the jury.

Judgment affirmed.