Hart, J.,
 

 dissenting. I am unable to agree with the result reached in this ease by the majority of the members of the court. In my opinion, it is unnecessary to decide the procedural issues raised for the reason that the judgment should be resolved in favor of the' defendant on the basic issue that the policy of insurance was not in force at the time the injury to plaintiff occurred.
 

 • The period of coverage provided in the insurance contract under consideration in this case is described or stipulated in the following language:
 

 “Said insurance shall become effective at 12:00 o’clock noon, Eastern Standard Time, on the 6th day of September, 1934, and shall continue in full force and effect for the initial term of six months and for such suceeding terms of six months each as the guarantee premium and/or premium is maintained or restored, and/or paid as required by this policy * * * .”
 

 The interpretation adopted by the majority of the members of the court relative to the commencement and termination of the contract, in my. opinion, completely reads out of such contract the words “at 12:00 o’clock noon, Eastern Standard Time.” The contract
 
 *120
 
 under all the rules of computation of time would be exactly as the majority interprets it if the policy had stated that it became effective from the 6th day of September and continued for a period of six months without naming any hour of the day for its commencement.
 

 The fiction of disregarding fractions of a day in the computation of time has to do with the determination of the period within which an act required by law is to bé done. This method of computation, in such cases, is recognized and adopted by our statutes. See Sections 10216 and 10217, General Code. But this fiction, in my opinion, has no application where the accrual or termination of rights or liabilities, is specifically fixed in terms of fractions of a day; and such termination may be fixed, as in the instant case, by the expiration of a definite period of time after the accrual of the right of the insured or after the inception of the liability of the insurer. Since the policy specifically provides that it shall become effective at noon on a certain day, the contract clearly splits the day, as a result of which the rule disregarding the fractions of the day has no application.
 
 Richardson
 
 v.
 
 American National Ins. Co.,
 
 18 La. App., 468, 137 So., 370;
 
 Mathews
 
 v.
 
 Continental Casualty Co.,
 
 78 Ark., 81, 93 S. W., 55;
 
 Purvis v. Commercial Casualty Co.,
 
 160 S. C., 484, 159 S. E., 369.
 

 This court in the case of
 
 Arrowsmith
 
 v.
 
 Hamering,
 
 39 Ohio St., 573, 576, said:
 

 “The rule that the law never regards the fractions of a day is only observed for the purposes of justice, but when its application would defeat a vested right, or otherwise work injuriously, it will not be applied. Thus in
 
 Seaman
 
 v.
 
 Eager,
 
 16 Ohio St., 209, it was held, that the exact moment in a day might be resorted to, to determine the rights of parties arising under the acts relating to the filing and refiling of a chattel mortgage,
 
 *121
 
 and that time is' to be counted from the moment of such filing, and not from the day. The same rule was applied in
 
 Follett
 
 v.
 
 Hall,
 
 16 Ohio, 111 [approved and followed in
 
 National Bank
 
 v.
 
 Burkhardt,
 
 100 U. S., 686, 25 L. Ed., 766], where a mortgage was filed on the first day of a term of court, but before the court convened. So where an attachment was sued out at
 
 seven o’clock,
 
 p. m., of March 8th, and a petition in bankruptcy was filed at
 
 two o’clock and fifty minutes
 
 in the afternoon of the 8th day of July, it was held, that as the bankrupt act dissolved all attachments within four months before the commencement of proceedings in bankruptcy, and as the actual time was less than four months by four hours and ten minutes, the attachment must fall.
 
 Westbrook Man. Co.
 
 v.
 
 Grant,
 
 60 Maine, 88.” This rule is now incorporated in Section 10217, General Code.
 

 In the state of Wisconsin a statute prevails to the effect that “no action to recover damages for an injury to the person shall be maintained unless, within two years after the happening of the event causing such damages, notice in writing * .* * shall be served upon the person ór corporation by whom it is claimed such damage was caused.” In construing this statute, the Supreme Court of Wisconsin, in the case of
 
 Siebert
 
 v.
 
 Jacob Dudenhoefer Co.,
 
 178 Wis., 191, 194, 188 N. W., 610, said:
 

 “In order, therefore, to comply with said section of the statutes, * * * it must appear that the notice referred to was served within two years after the happening of the event causing the damages. By referring to the complaint it will appear that it is alleged that the notice of injury was served within two years from the date of the injury. * * * The rule is well established on an issue of limitation where the time is to be computed from a certain date, that in the computation the day of the date is to be excluded,
 
 and, where
 
 
 *122
 

 the computation is from a certain event the date of that event must be included. McCulloch
 
 v.
 
 Hooper,
 
 7 N. J. Law Jour., 336;
 
 Presbrey
 
 v.
 
 Williams,
 
 15 Mass., 193;
 
 Aultman & Taylor Co.
 
 v.
 
 Syme,
 
 163 N. Y., 54, 57 N. E., 168.” (Italics mine.)
 

 If by chance the accident in the instant case had ■occurred at one o’clock on the afternoon of September 6, the date of the policy, no one, I believe, would contend that,there was no coverage by the policy in question. To have this effect the first day, to wit, September 6, must be counted. In my opinion, when an insurance contract provides that it is to begin at noon on a ■certain day and continue for a period of six months, it means just what it says, namely, that it expires at noon on the corresponding calendar day of the sixth calendar month after,the month in which the contract became effective.
 

 Furthermore, resort to the legal fiction in the computation of time by which fractions of a day are disregarded, in my opinion, cannot serve the purpose of the plaintiff. The general rule is that where a contract is consummated on a certain date to continue for a month or year, the day the contract is executed is excluded and the last day included.
 
 State
 
 v.
 
 Elson,
 
 77 Ohio St., 489, 83 N. E., 904;
 
 Neiswander
 
 v.
 
 Brickner,
 
 116 Ohio St., 249, 156 N. E., 138. But, where, as in this case, by the specific terms of the policy, coverage began at noon on the sixth day of September to continue for six months from such date, the first day must be included and, therefore, the last day of the six-month period, to wit March 6, must be excluded.
 
 Verda Harlan Coal Co.
 
 v.
 
 Harlan National Bank,
 
 229 Ky., 565, 17 S. W. (2d), 718;
 
 Salisbury
 
 v.
 
 Commonwealth,
 
 254 Ky., 77, 70 S. W. (2d), 987. By such computation the policy expired at midnight March 5 and was not in force when plaintiff’s accident occurred át 11:30 p. m. on March 6.
 

 
 *123
 
 In my opinion, the lapse of the policy was not waived by the acceptance of a renewal premium, for the reason that at the time of such acceptance the insurance company had not learned of the accident to plaintiff. The insured was not covered by the policy between the-date of expiration. and time of reinstatement. The policy expressly provides that “the company will not. pay any loss sustained between the date of lapse and the date of reinstatement.” It is to be observed that the receipt issued to the insured stamped ‘ ‘ reinstated-’ ’ and dated March 8, 1935, was executed prior to any notice or knowledge of the accident in question. There was no waiver of the provision for such suspension of liability of the company.
 
 Petersilge
 
 v.
 
 Crawford County Farmers Mutual Fire Ins. Co.,
 
 130 Ohio St., 385, 199 N. E., 845.
 

 For the reasons given, in. my opinion, the policj^ in question was not in force after noon March 6, and the judgment in this case should be reversed.
 

 Matthias, J., concurs in the foregoing dissenting opinion.