## Wolford v. Commonwealth.

Sept. 28, 1945

H. H. Glenn and Thad Cheatham for appellant.

Eldon S. Dummit, Attorney General and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Dismissing appeal.

The grand jury of Bullitt County returned an indictment against appellant, William B. Wolford, in which he was accused of unlawfully, willfully and maliciously setting fire to and burning the barn of W. B. Crenshaw. At his trial he was convicted and punished by confinement in the penitentiary for ten years.

Appellant's trial was had on December 5, 1944, and he was given time until a day in the following term to file his bill of exceptions which he did on April 2, 1945. The record was not filed in this court until June 1, 1945, which was the sixty-first day from the date of the filing of his bill of exceptions, and counsel for the Commonwealth has entered motion to dismiss the appeal because the transcript was not filed within the time prescribed by subsections 3 and 4 of section 336 of the Criminal Code of Practice. The latter subsection expressly states that "The transcript of the record may be filed in the clerk's office of the Court of Appeals, *within* sixty days after the bill of exceptions is made a part of the record." (Our emphasis.)

Notes to the sections of the Criminal Code referred to cite many cases, without a single dissent, wherein we held that the filing of the record within the time prescribed by the Code provisions was jurisdictional and unless followed by a convicted defendant his attempted appeal will be dismissed. In such cited opinions and those later cited herein we also held—as we were compelled to do under the express language of the Code—that the day on which the bill of exceptions was filed should be counted in the calculation of the sixty-day period within which an appeal might be perfected in this court. One of the latest cases so construing the Code

provisions is Salisbury v. Com., 254 Ky. 77, 70 S. W. 2d 987, and in that opinion practically all of our former cases in which the precise question arose are cited and referred to, each and every one of which approve the generally declared rule by text writers and courts that in computing the time within which an act may be done the prescribed period includes the day on which and from which the period commences and, of course, it includes the last prescribed day of the period.

Following the Salisbury case we have consistently adhered to the rule therein announced. Some of the cases are: Ledington v. Com., 256 Ky. 678, 76 S. W. 2d 910; Tuttle v. Com., 257 Ky. 60, 77 S. W. 2d 351; Freeman v. Com., 272 Ky. 210, 113 S. W. 2d 1149; Estes v. Com., 274 Ky. 665, 120 S. W. 2d 142; and Hudgeons v. Com., 292 Ky. 845, 168 S. W. 2d 359. With all this array of this court's opinions declaring the proper practice in the prosecution of appeals from judgments of conviction for criminal offenses, there yet appears to be some confusion, as well as doubt, among some members of the profession, and because of which we concluded to again state it with the citation of the cases supporting it. Of course, there might be circumstances under which the prescribed rules may be relaxed, but no such showing is made in this case, and, therefore, the motion of the Commonwealth to dismiss the appeal must be sustained, since the failure to file the transcript within the time prescribed deprives us of jurisdiction to consider the case upon its merits. However, for the purpose of relieving the regrets of both counsel and their client, we will state that we have carefully read the record and find no reversible error therein, which would have required an affirmance of the judgment if the appeal had been prosecuted in time.

Wherefore, for the reasons stated, the appeal is dismissed.