MILLIKEN, Justice.
At the outset, the Commonwealth has moved for a dismissal of this appeal because the record was not filed in this court within sixty days' after the bill of exceptions had been made a part of the record. The governing section of the Criminal Code of Practice, Section 336, subd. 4, reads: “If time be given, beyond the term at which the judgment is rendered, to present a bill of exceptions, the transcript of the record may be filed in the clerk’s office of the Court of Appeals, within sixty days after the bill of exceptions is made a part of the record.”
Judgment was rendered on August 22, 1951, and the appellant given five years in the penitentiary on a charge of malicious cutting and wounding with intent to kill under KRS 435.170, which prescribes punishment for violation thereof from two to twenty-one years in the penitentiary. The bill of exceptions was filed on October 25, 1951, and the record was deposited in the United States mail at Jackson, Kentucky, on Saturday, December 22, 1951, addressed to the clerk of this court. It was not delivered to the office of the clerk until Monday, December 24, 1951, the sixty-first day after the filing of the bill of exceptions ás a part of the record.
Counsel for the appellant, who did not represent him at the trial, urge us to consider the record as filed because it was in Frankfort on Sunday, December 23, and could not be delivered because the 'clerk’s office was not open. For us to do so would be in violation of the “generally declared rule * * * that in computing the time within which an act may be done the prescribed period includes the day on which and from which the period commences and, of course, it includes the last prescribed day of the period.” Wolford v. Commonwealth, 300 Ky. 491, 189 S.W.2d 680, 681. As a consequence, we, are constrained to dismiss the appeal, because we have long held the provision of the Code in this respect is mandatory. Wolford v. Commonwealth, supra; Hudgeons v. Commonwealth, 292 Ky. 845, 168 S.W.2d 359; Estes v. Commonwealth, ,274 Ky. 665, 127 S.W.2d 142;. Freeman v. Commonwealth, 272 Ky. 210, 113 S.W.2d 1149; Tuttle v. Commonwealth, 257 Ky. 60, 77 S.W.2d 351; Ledington v. Commonwealth, 256 Ky. 678, 76 S.W.2d 910; Salisbury v. Commonwealth, 254 Ky. 77, 70 S.W.2d 987.
If we were privileged to review the case, we would have to reverse the judgment because the trial court, in instructing the jury, fixed the punishment at five years instead of allowing the jury to hear the evidence and fix the punishment within the limit of the statute. Originally the appellant had pleaded guilty to the charge and accepted a five year sentence, probated subject to good behavior, which was revoked. Since he had pleaded guilty with that understanding, the trial court apparently assumed that it was proper to instruct the jury to fix the punishment at five years. Since it was the jury’s province to set the punishment in the circumstances, it was error for the court when it assumed that obligation to -fix the punishment at anything more than the minimum for the offense, which was two years in the penitentiary. Criminal Code of Practice, Section 258; KRS 431.130; Brown v. Commonwealth, Ky., *40 243 S.W,2d 885; Strunk v. Commonwealth, 302 Ky. 284, 194 S.W.2d 504.
In the circumstances, we recommend that the appellant be released from custody after he has served his allotted time on the basis of a minimum sentence of two years subject, of course, to any commutation to which he may be entitled for good behavior.
The appeal is dismissed.