Estill ALLEN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 18, 1955.

Motion to Withdraw Opinion Denied

March 16, 1955.

Scott E. Duff, Hazard, for appellant.

J. D. Buckman, Jr., Atty. Gen., for appellee.

STEWART, Chief Justice.

Estill Allen was convicted in the Perry Circuit Court of carrying concealed a deadly weapon in violation of KRS 435.230 (1) and received a sentence of two years in the State Reformatory at LaGrange. He appeals.

His motion and grounds for a new trial having been overruled at the regular May term, 1954, at which term he had been tried, Allen was "given until the last day of the September term of the Perry Circuit Court to file his bill of exceptions in this case." On September 22, 1954, Allen tendered his bill of exceptions with a transcript in duplicate of the official stenographer's bill of the evidence and the court on that day examined and approved both of them and ordered them filed and made a part of the record without being spread on the order book. The record was filed in this Court December 3, 1954, or 73 days after the date the bill of exceptions was made a part of the record in the trial court.

The Commonwealth maintains this Court is without jurisdiction to review the judgment appealed from, because Allen failed to comply with the provisions of Section 336(4) of the Criminal Code of Practice, which reads: "If time be given beyond the term at which the judgment is rendered, to present a bill of exceptions, the the transcript of the record may be filed in the clerk's office of the Court of Appeals, within sixty days after the bill of exceptions is made a part of the record."

We agree with the contention of the Commonwealth. To give this Court jurisdiction of this appeal, it was mandatory that Allen file his record with the clerk of this Court "within sixty days after the bill of exceptions is made a part of the record." He did not file his record in this Court until seventy-three days had elapsed, which made the filing thirteen days late under the requirements of Section 336(4), supra. This failure to comply with the Code provision bars Allen's appeal. See Freeman v. Commonwealth, 272 Ky. 210, 113 S.W.2d 1149, and the cases cited therein.

Wherefore, on the authority of the foregoing case this appeal must be, and it is, dismissed.

HOGG, J., not sitting.