**William J. STRICKLAND, Jr., Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 20, 1959.

Sandy Paniello, Stanley V. Benovitz, Harris Berman, Louisville, for appellant.

Jo M. Ferguson, Atty. Gen., Edward L. Fossett, Asst. Atty. Gen., for appellee.

MONTGOMERY, Chief Justice.

William J. Strickland, Jr., was convicted of willful murder. He was sentenced to confinement for the period of his natural life.

The question to be considered is whether the record on appeal was filed within the time prescribed by Criminal Code of Practice, § 336(4). Judgment was entered March 16, 1959. The time for filing the bill of exceptions and transcript of the evidence was extended, and they were filed July 10, 1959. The record was mailed to this Court on Saturday, September 5, 1959. Counsel for appellant admit that the record should have been filed with the Clerk of this Court on or before Monday, September 7, 1959, that being the final day as computed according to Criminal Code Section 336.

The due date, Monday, September 7, 1959, was a legal holiday; namely, Labor

Day. KRS 2.110. The Clerk's office was closed in observance of the legal holiday. The record was received in the office the day after Labor Day. Appellee has moved to dismiss the appeal for failure to file the record "within sixty days after the bill of exceptions is made a part of the record," as provided by Criminal Code of Practice, § 336(4).

Appellant seeks to excuse the dereliction by reliance on KRS 446.030, relating to the computation of time, which provides in part:

"(2) If any proceeding is directed by law to take place, or any act is directed to be done, on a particular day of a month, and that day is Sunday, the proceeding shall take place, or the act shall be done, on the next day that is not a legal holiday."

The above subsection is not applicable since the record was not directed to be filed "on a particular day of a month" but at anytime "within sixty days after the bill of exceptions is made a part of the record." KRS 447.030 does not apply either. It merely provides that the Criminal Code and other statutes "shall be received, in the courts and tribunals of this state, as evidence of the statute laws in force in this state at the time of their publication."

Criminal Code of Practice, § 336 (4) has been construed to mean that in computing the time within which an act may be done the prescribed period includes the day on which and from which the period commences, and, of course, it includes the last prescribed day of the period. Wolford v. Commonwealth, 300 Ky. 491, 189 S.W.2d 680; Patton v. Commonwealth, Ky., 247 S. W.2d 38. In the Patton case, the last day was a Sunday. The provision of the Code in this respect has long been held to be mandatory. Salisbury v. Commonwealth, 254 Ky. 77, 70 S.W.2d 987; Ledington v. Commonwealth, 256 Ky. 678, 76 S.W.2d 910; Tuttle v. Commonwealth, 257 Ky. 60, 77 S.W.2d 351; Freeman v. Common-wealth, 272 Ky. 210, 113 S.W.2d 1149; Estes v. Commonwealth, 274 Ky. 665, 120 S.W.2d 142; Hudgeons v. Commonwealth, 292 Ky. 845, 168 S.W.2d 359.

It was mandatory that the record be filed in proper time in order that this Court have jurisdiction. Wolford v. Commonwealth, 300 Ky. 491, 189 S.W.2d 680; Allen v. Commonwealth, Ky., 279 S.W.2d 26.

The motion to dismiss the appeal is sustained, and the appeal is dismissed.