**Lyle GOLDY, Petitioner,**

v.

**Henry E. COWAN, Superintendent, etc., Respondent.**

**Civ. A. No. 74-6.**

United States District Court,
E. D. Kentucky,
Catlettsburg Division.

March 15, 1974.

---

Lyle Goldy, pro se.

Edd Hancock, Atty. Gen., Commonwealth of Kentucky, Frankfort, Ky., for respondent.

## MEMORANDUM OPINION

HERMANSDORFER, District Judge.

This action is before the Court upon the petitioner's application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The petitioner, who is presently incarcerated at the Kentucky State Penitentiary, was sentenced to imprisonment for a period of ten (10) years following his conviction in the Rowan Circuit Court, Rowan County, Kentucky of the offense of armed robbery. In this action he collaterally challenges the constitutionality of his conviction and resulting imprisonment.

In accordance with the provisions of 28 U.S.C. § 636(b), the Magistrate has assisted the Court in developing the record and has furnished the Court with his recommendations as to specific issues.

The petitioner has presented several substantive issues for the Court's consideration. In essence he asserts that his conviction was the result of an unconstitutional pre-trial identification and that he was denied a direct appeal from his conviction.

The respondent does not challenge the validity of the petitioner's substantive claims at this time but, instead, asserts that the petitioner has failed to exhaust his state remedies as required under 28 U.S.C. §§ 2254(b) and (c) in that an appeal of the denial of his motion to vacate sentence, pursuant to R.Cr. 11.42, is presently pending before the Kentucky Court of Appeals. Commonwealth of Kentucky v. Lyle Goldy, File No. 74–59. The respondent has waived his right to challenge the belated nature of that appeal.

The petitioner in his traverse to the response contends that the Kentucky Court of Appeals lacks jurisdiction over the matter because the Clerk of the Circuit Court failed to timely forward the record on appeal. Hence, he asserts that he has no effective state court remedy available to him and that this Court should find that he has adequately exhausted his state remedies and consider his petition.

Under the provisions of 28 U. S.C. §§ 2254(b) and (c) this Court must decline any request to consider an application for habeas corpus relief by a state prisoner unless it appears that the petitioner has exhausted his state court remedies; that there are no available state court remedies; or that there exists a set of circumstances which render any available remedies ineffective to protect the petitioner's constitutional rights. The exhaustion doctrine, as codified, is a judicially crafted instrument which reflects a careful balance between important interests of federalism and the need to preserve the Writ of Habeas Corpus as a swift and imperative remedy in all cases of illegal restraint and confinement. Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 490,

**570**

93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). In essence the doctrine is one founded on comity, Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Fay v. Noia, 372 U.S. 391, 419–420, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), and designed to give the state courts the initial opportunity to pass upon and correct alleged constitutional violations of its prisoners' rights prior to the intervention of the Federal District Court. Picard v. Connor, *supra*, 404 U.S. at 275, 92 S.Ct. 509. The question to be resolved is not whether this Court must or can entertain a particular petition, but, instead, whether this Court in the exercise of its discretion should entertain such an application. Fay v. Noia, *supra*, 372 U.S. at 420, 83 S.Ct. 822.

Under the authorities cited by the petitioner, it is clear that the Kentucky Court of Appeals under the pre-1962 Criminal Code would have been required to dismiss any appeal where the record was not timely filed as it was without jurisdiction to entertain the appeal. See: Strickland v. Commonwealth, Ky., 329 S.W.2d 379, 381 (1959) and Allen v. Commonwealth, Ky., 279 S.W.2d 26, 27 (1955). However, it is equally clear that under the post-1962 Rules of Criminal Procedure filing of the record is not jurisdictional and can, as in this instance, be waived. R.Cr. 12.52(1), 12.-58; Hunt v. Commonwealth, Ky., 408 S. W.2d 182, 183 (1966).

Accordingly, as the respondent has waived any objection to the untimely filing of the record, the petitioner's right of appellate review of the denial of his motion to vacate his sentence is not foreclosed and he has a viable state remedy available.

Consequently, it would be unseemly for the Court to entertain his petition at this time for a Writ of Habeas Corpus as the petitioner has failed to exhaust his state remedies.

The petitioner's application for a Writ of Habeas Corpus shall be denied with-out prejudice. Picard v. Connor, *supra*; 28 U.S.C. §§ 2254(b) and (c).

An order in conformity with this Memorandum Opinion will this day be entered herein.